[No. 8548.   Department One.   May 27, 1910.]

FRANK P. O'BRIEN, *Appellant*, v. AMERICAN CASUALTY COMPANY *et al.*, *Respondents.*[1]

TRIAL—VERDICTS—JUDGMENT—CONFORMITY TO VERDICT—HOSPITAL ASSOCIATIONS—MALPRACTICE. In an action for malpractice against a physician, and a hospital association and its successor by whom he was employed at different periods of plaintiff's treatment, a verdict against the hospital association separately for $2,000, against its successor for $4,000, and against the physician individually for $1,000, does not authorize a joint and several judgment against all the defendants for $7,000, nor against the physician for said sum, nor a joint judgment against any two of them, when read in the light of the court's instructions to the jury that they might bring in separate verdicts against the hospital association and its successors for negligence other than that of the physician, and against the physician individually for negligence while not acting as agent; nor a joint verdict against the hospital association and the physician for his negligence during one period of the treatment while the physician was in its employ, a joint verdict against the successor and the physician for another period while in its employ, and a verdict against the physician individually while not in the employ of either.

TRIAL—VERDICTS—CONFLICTING FINDINGS—HOSPITAL ASSOCIATIONS —MALPRACTICE—JOINT AND SEVERAL LIABILITY. In an action for malpractice against a physician and a hospital association and its successor by whom he was employed at different periods of the plaintiff's treatment, in which the gravamen was the negligence and incompetence of the physician, the verdict is unsupported by the evi-

[1]Reported in 109 Pac. 52.

dence and conflicting and there was a substantial mistrial, requiring a new trial, where the court instructed the jury that they might bring in separate verdicts against the hospital association and its successors for negligence other than that of the physician, and against the physician individually for negligence while not acting as agent, or a joint verdict against the hospital association and the physician for his negligence during one period of the treatment while the physician was in its employ, a joint verdict against the successor and the physician for another period while in its employ, and a verdict against the physician individually while not in the employ of either, and under the instructions the jury returned a general verdict against one association separately for $2,000, against the other association separately for $4,000, and against the physician individually for $1,000, and also answered special interrogatories to the effect that the $2,000 damages assessed against the hospital association was due to the negligence of the physician acting as its servant, during the only period of the treatment that the physician could have been acting individually; and a judgment for $1,000 against all the defendants notwithstanding the verdict is error, since any permanent injury resulted from the negligence of the physician and the findings fail to fix the responsibility therefor upon either the association or its successor.

Appeal by plaintiff from a judgment of the superior court for Pierce county, Chapman, J., entered July 12, 1909, for the sum of $1,000 damages for malpractice, upon special findings and the verdict of a jury rendered in favor of the plaintiff for $7,000, after a trial on the merits.  Reversed.

*H. R. Lea,* for appellant.

*F. S. Blattner* and *L. B. da Ponte,* for respondents American Casualty Company *et al.*

*William P. Reynolds* and *Hayden & Langhorne,* for respondent Wheeler.

RUDKIN, C. J.—The defendant Lumberman's and Manufacturers' Hospital Association, hereinafter referred to as the Hospital Association, is a corporation organized under the laws of this state, and was, until succeeded by the defendant American Casualty Company, hereinafter referred to as the Casualty Company, engaged in the business of furnishing medical and surgical attendance and hospital ac-

commodations to the employees of manufacturing establishments, for a profit. The defendant Wheeler is a practicing physician and surgeon, and was in the employ of the Hospital Association between the 10th day of August, 1907, and the 11th day of November, 1907, when the Casualty Company succeeded to the ownership and management of the hospital theretofore conducted by the Hospital Association.

On the 10th day of August, 1907, the plaintiff, O'Brien, was in the employ of the Harding Lumber Company as a millwright. His employer collected from each of its employees the sum of $1 per month to cover hospital fees and expenses, and had a contract with the Hospital Association to care for its sick and injured employees, in consideration of the hospital fees thus collected, which were turned over to the Hospital Association. On the last mentioned date, the plaintiff fractured his leg, and was taken to the hospital conducted by the Hospital Association for treatment. He remained in the hospital from the date of his admission until the 9th day of March, 1908, a period of seven months lacking one day. From the 10th day of August to the 11th day of November, he was under the care of the Hospital Association and the defendant Wheeler. From the 11th day of November until the 10th day of December, he was in the hospital under care of the defendant Wheeler, but whether Wheeler was an agent, servant, or employee of either the Hospital Association or the Casualty Company during that period, is a disputed question. From the 10th day of December until the date of his discharge he was under the care of the Casualty Company and one Dr. Keller, but no complaint is made of his treatment during this period. This action was instituted against the Hospital Association, the Casualty Company, and Dr. Wheeler, to recover damages for malpractice, neglect, and inattention on the part of the several defendants, between the 10th day of August and the 10th day of December. While other acts of negligence may be charged or proved, the principal charge of negligence was incompetency and in-

attention on the part of the defendant Wheeler. At the close of the testimony, the court gave the following instruction, among others:

"As you may find against the defendants severally under the issues in this case the court deems it proper to submit to you two forms of verdict. If you find negligence upon the part of the American Casualty Co. in its treatment of the plaintiff, other than through the acts of the defendant, Dr. Ernest C. Wheeler, you will insert the amount of compensation allowed for such negligence opposite the name, 'American Casualty Co.' And the same may be said by the court as respects the Lumberman's and Manufacturers' Hospital Association. If you find any negligence upon the part of Dr. Wheeler individually and not as agent or servant or employee of either of the other defendants, you will insert the amount allowed therefor opposite Dr. Wheeler's name. If you find against the American Casualty Co. by reason of the negligence of Dr. Wheeler as its agent, servant or employee, you may return a joint verdict against the American Casualty Co. and against D. Ernest C. Wheeler, inserting the amount therefor opposite the name, 'American Casualty Co. and Dr. Ernest C. Wheeler.' And if you find against the Lumberman's and Manufacturers' Hospital Association by reason of the negligence of Dr. Ernest C. Wheeler as its agent, employee or servant, you may return a joint verdict against the Lumberman's and Manufacturers' Hospital Association and Dr. Ernest C. Wheeler, inserting the amount found therefor opposite the name of the hospital association and Dr. Ernest C. Wheeler. So that in the first form of verdict, in case you find for the plaintiff, it will be in favor of the plaintiff against these defendants, as the case may be, under the instructions of the court. If you find in favor of the defendants, you will simply find in favor of the defendants."

Under the testimony and the charge of the court the jury returned the following verdict and special findings:

"We, the jury in the case of Frank P. O'Brien, Plaintiff, vs. American Casualty Company, a corporation; Lumberman's & Manufacturers' Hospital Association, a corporation; and Dr. Ernest C. Wheeler, Defendants, find for the plaintiff and against the following defendants and assess his damages in the sum of:

"American Casualty Co.......................($2,000.00)
    (Two Thousand no-100.)
"Lumberman's & Manufacturers' Hospital Asso-
    ciation ...............................($4,000.00)
    (Four Thousand no-100.)
"Ernest C. Wheeler.........................($1,000.00)
    (One Thousand no-100.)
"Lumberman's & Manufacturers' Hospital Asso-
    ciation and Dr. Ernest C. Wheeler......(.........)
"American Casualty Company and Dr. Ernest C.
    Wheeler ..............................(.........)"

Upon the request of the American Casualty Co. the jury made special findings as follows:

"Interrogatory No. I.—On what date did the American Casualty Co. acquire and take charge of the hospital known as the Tacoma Private Sanitorium? Ans. Took charge November 11, 1907.

"No. II.—Is it not true that after November 8, 1907, Dr. Wheeler continued to treat the plaintiff until December 9, under his employment by the defendant Lumberman's & Manufacturers' Hospital Association only? Ans. No.

"No. III.—On what date did Dr. W. M. Keller take charge of Frank P. O'Brien as his patient in the hospital? Ans. December 10, 1907.

"No. VI.—Was there any negligence on the part of the nurses or employees in the hospital who nursed Frank P. O'Brien after November 8, 1907? Ans. Yes.

"No. VII.—If you say there was, then please state of what such negligence consisted, and state what nurse or employe was negligent. Ans. Dr. Ernest C. Wheeler. General neglect.

"No. VIII.—In the event that you find from the evidence that the plaintiff sustained any damage because of treatment subsequent to November 8, 1907, then state of what such negligence consisted and the amount of the damage sustained. Ans. Not employing competent Doctors. Two Thousand no-100 dollars."

On the return of this verdict the plaintiff moved, first, for a joint and several judgment against all three defendants, in the sum of $7,000; or second, for a joint and several judg-

ment against the Hospital Association and Wheeler in the
sum of $5,000, and a joint and several judgment against all
three defendants in the sum of $2,000; or third, for a judg-
ment on the general verdict, special findings, pleadings and
testimony.  On the other hand, the Hospital Association and
the Casualty Company moved for a judgment in their favor
notwithstanding the verdict, and later amended their motion
by leave of the court and asked in the alternative that a joint
and several judgment be entered against all three defendants
in the sum of $1,000, to be satisfied as to all by the payment
of the amount of the judgment into court by the defendant
Wheeler.  The court denied the several motions interposed
by the plaintiff and granted the amended motion of the de-
fendants.  A motion for a new trial thereafter interposed by
the plaintiff was denied, and from the final judgment of the
court, this appeal is prosecuted.

It is almost needless to say that a verdict admitting of so
many possible constructions should never be received or
filed in a court of justice.  But the verdict is before us and a
judgment must follow, if the intentions of the jury can be
gathered from their findings without violating the rules of
law.  We will first consider the several motions interposed
by the appellant.  The findings of the jury must be read in
the light of the instructions of the court, and when thus read
it becomes at once apparent that the appellant was not en-
titled to a joint and several judgment in the sum of $7,000,
against all three respondents.

The court below was of the opinion that the Hospital As-
sociation and the Casualty Company were not jointly liable,
and instructed the jury accordingly.  The finding against
each of these respondents was, therefore, for its own neg-
ligence only, and not for the negligence of the other.  On the
other hand, the finding against the respondent Wheeler was
for his negligence, "individually and not as agent or servant
or employee of the other defendants."  To render a joint
and several judgment against the several respondents on such

a verdict would be, first, to render judgment against the Hospital Association and the Casualty Company for damages resulting from the negligence of the respondent Wheeler, individually and not as their agent, servant or employee; second, to render judgment against the respondent Wheeler for the negligence of the other respondents, other than through his own acts; and third, to render judgment against each corporation for the negligence of the other. For the like reason a joint and several judgment in the sum of $5,000 should not be rendered against the Hospital Association and Wheeler, or a joint and several judgment in the sum of $2,000 against all three respondents. We might say in passing that the judgment actually entered by the court was equally erroneous and inconsistent, for it gave judgment against the two corporations for the individual negligence of Wheeler while acting on his own responsibility, and not as their agent, servant or employee. We simply refer to this fact to show the numerous difficulties encountered by the court in its attempt to render a consistent judgment on such a verdict.

We can best consider the claim of the appellant for a judgment on the general verdict, special findings, pleadings and testimony, in connection with the claim of the Hospital Association and the Casualty Company for a judgment in their favor notwithstanding the verdict. The claim of the two latter companies is substantially this: The only negligence charged or proved against them was the negligence of Wheeler, their agent and employee, for whose negligence they are only responsible under the doctrine of *respondeat superior;* that their liability cannot exceed his liability; that the jury found no damages against Wheeler while acting as their agent, servant or employee, and that, therefore, a judgment should be directed in their favor, on the authority of *Doremus v. Root,* 23 Wash. 710, 63 Pac. 572, 54 L. R. A. 649; *Sipes v. Puget Sound Elec. Co.,* 54 Wash. 47, 102 Pac. 1057, and other cases in this court.

It must be conceded that the gravamen of the appellant's complaint was the negligence of the respondent Wheeler, and nearly all the testimony was directed toward establishing negligence, inattention, and incompetency on his part. It must likewise be conceded that the jury have found no damages against the respondent Wheeler for negligence while acting as agent, servant or employee of the other respondents; and if the record were otherwise silent, this verdict would have to be construed as an affirmative finding in his favor, under the authorities above cited. But the jury did find, in answer to the 6th, 7th and 8th interrogatories, that the respondent Wheeler was negligent and incompetent as the servant and employee of the Casualty Company, and this finding discloses another inconsistency between the general verdict and the special findings. The appellant suggests that the verdict against the respondent Wheeler, individually, is based on the fact that he treated the appellant individually between the 11th day of November and the 10th day of December. This suggestion is probably the correct explanation of this part of the verdict, for if the individual finding against Wheeler is not based on that fact, we are entirely at a loss to find any support for it in the record. On the other hand, however, the jury found, in answer to the special interrogatories, that Wheeler was negligent as agent and employee of the Casualty Company during the same period. While, therefore, the jury failed to find damages against Wheeler as agent, servant or employee of the other respondents, in the general verdict, they did find such negligence in their special findings, and the motion for judgment *non obstante* was properly denied.

Nor do we think the appellant was entitled to a several judgment against the individual respondents on the verdict of the jury. As already stated, the gravamen of the appellant's case, under his complaint and testimony, was the negligence and incompetency of the respondent Wheeler, and unless that fact was found against each of the other respondents, the

testimony would not sustain any considerable judgment against them. The permanent injury to the appellant resulted from the negligence and incompetency of the respondent Wheeler, if it resulted from negligence at all, and in the absence of a finding fixing the responsibility for such negligence on either the Hospital Association or the Casualty Company, or both, no verdict such as was here returned should be permitted to stand.

From a careful consideration of the entire record we are convinced that there was a substantial mistrial in the court below, and that a new trial should be awarded here. It is so ordered.

GOSE, MORRIS, CHADWICK, and FULLERTON, JJ., concur.