HEFFERN v. VILLAGE OF HAVERSTRAW et al.

(Supreme Court, Appellate Division, Second Department. March 24, 1911.)

1. MUNICIPAL CORPORATIONS (§ 823*)—TORTS—DEFECTS IN STREETS—ACTIONS.

Where a city and one who excavated land near a highway were jointly sued for damages caused by the slide of the highway into the excavation, and the city's only negligence was nonperformance of its duty to keep the highway in a safe condition, a finding that the one who made the excavation was not negligent necessarily exonerated the city.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1763–1766; Dec. Dig. § 823.*]

2. MUNICIPAL CORPORATIONS (§ 805*)—TORTS—DEFECTS IN STREETS—ACTIONS—CONTRIBUTORY NEGLIGENCE.

Where one in a place of safety, on hearing that there was a slide into an excavation with which he was familiar, went near that place from curiosity, and the land slid again, drawing down the street upon which he was standing, he was guilty of contributory negligence barring a recovery against the city for his injuries.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1677, 1683; Dec. Dig. § 805.*]

Woodward and Rich, JJ., dissenting in part.

Appeal from Trial Term, Kings County.

Action by William Heffern, as administrator of the estate of Edward Heffern, deceased, against the Village of Haverstraw and the Excelsior Brick Company. There was a judgment for the Brick Company, and the trial court ordered a new trial for the village, from which order, and from an order denying his motion to set aside the verdict for the Brick Company, plaintiff appeals. Affirmed.

Argued before JENKS, P. J., and BURR, CARR, WOODWARD, and RICH, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Martin T. Manton, for appellant.
Alonzo Wheeler, for respondent Village of Haverstraw.

BURR, J. On January 8, 1906, Edward Heffern, while standing in Rockland street in the village of Haverstraw, was killed. In close proximity to the street were deep excavations into which the earth between these excavations and the line of the street, and also that forming part of the roadbed of the street itself, fell, drawing him down to his death. This action was brought to recover for the pecuniary injury resulting to his next of kin. When originally brought, the Excelsior Brick Company, the village of Haverstraw, and 13 individuals were named as parties defendant. As to all of the defendants except the brick company and the village, the action has been terminated, either by the voluntary act of plaintiff or by judgment of nonsuit from which no appeal has been taken.

Upon the trial of this action the jury found a verdict in favor of the brick company and against the village. Upon motion the trial court set aside the verdict against the village and ordered a new trial. The plaintiff moved to set aside the verdict in favor of the brick company, and for a new trial as to it. Plaintiff appeals from the judgment in favor of the brick company, and from the order denying his motion for a new trial as to it, and also from the order setting aside the verdict and granting a new trial as to the village of Haverstraw. Plaintiff concedes in his brief that the question of the liability of the brick company was one of fact for the jury. We think that its finding thereon is not against the weight of the evidence.

No exceptions were taken at the trial nor argued upon this appeal which, so far as the brick company is concerned, merit consideration. The judgment in its favor must be affirmed. We think also that the order setting aside the verdict against the village was right.

The complaint alleged that the caving in of the street and the adjoining premises was caused by the "wrongful, unlawful, and negligent acts of all the defendants herein by digging, or causing to be dug by them, earth from or in the vicinity of or adjacent to said street and premises, and carrying or causing to be carried away the earth or dirt so excavated, thereby depriving the said street and houses and premises of their proper support and causing the same to cave in and fall down, thus destroying the said houses and property as well as causing the death of said deceased; and also in causing, permitting, and allowing the said work to be done for a long time, and the said street, houses, and premises to remain in a dangerous and unsafe state and condition, without warning or notice and without right or authority; and in causing, permitting, and allowing the said public highway and adjacent buildings and premises to be made dangerous and unsafe, and in allowing and permitting the same so to remain for a long and unreasonable and unnecessary length of time, with full knowledge of the fact that the same were dangerous and unsafe, or when the defendants and each of them could by the exercise of reasonable care have ascertained that the same were dangerous and unsafe, and in failing to take any precautions whatsoever to prevent the occurrence of said

disaster." The complaint further alleged that the defendants, "by their wrongful acts in digging and excavating as aforesaid, thereby created and maintained a public nuisance which endangered the lives and safety of a considerable number of persons, including said deceased."

There was no suggestion in the evidence that the defendant the village of Haverstraw was an active participant in the digging above referred to, or that it caused the excavation to be made. If it could be held liable at all under this complaint, it was for permitting the highway to remain in a dangerous and unsafe condition by reason of the alleged wrongful and negligent acts of the other defendants. But the jury have decided that the brick company, the only other defendant, was not guilty of any wrongful or negligent act which was the proximate cause of the death of plaintiff's intestate. As the ground of the liability of the village is predicated upon an omission to prevent or remedy the wrongful act of its codefendant, if such codefendant is acquitted of fault in this regard, it is impossible to hold the village liable. But, if the evidence had established wrongful conduct or negligent omission of duty on the part of the village, I do not think that plaintiff could recover as against it, for the reason that the freedom from contributory negligence of his decedent was not established. The point was sharply raised in this case by the motion to dismiss, and in this respect it differs from some other cases which have previously been before this court growing out of the same disaster. Plaintiff's intestate was not, at the time of the accident, using the highway for ordinary purposes of travel. He was not even a casual spectator of the occurrences there going on, whose attention was drawn to them while traveling in the vicinity, and who, in consequence thereof, loitered for some short period therein. There were at least three separate and distinct subsidences or landslides on the evening in question, occurring at intervals of a few moments. When the first of these occurred, Edward Heffern was in a saloon at some distance from the scene of the accident. It was a place of safety. Shortly after the first occurrence, a man came into the saloon and stated that there had been a slide. Upon hearing of it, Heffern, in company with 'several others, left the saloon and went toward the brickyards. Though he may not have known exactly where the slide was, from his previous experience of many years as a laborer in the brickyards and his familiarity with previous slides, he must have known that the slide was in that neighborhood. It cannot be claimed that he was passing along Rockland street on his way to his home, for his residence was in the opposite direction. There is no evidence that in going to the scene of the first slide he was inspired by motives of humanity to seek to rescue those who had been injured, for there was no suggestion that injury had resulted. There can be but one possible inference from the evidence in this case, which is that from motives of curiosity only he went to the place of danger, knowit to be such. Almost immediately after his arrival on Rockland street, in close proximity to the place where the first subsidence had occurred, there was a second one in which the portion of the street

where Heffern was standing was drawn down, and he was drawn down with it and killed.

Under such circumstances, we think that, even if the fault or omission of the village of Haverstraw had been established, as against such village the plaintiff. could not recover. Johnson v. City of New York, 186 N. Y. 139, 78 N. E. 715, 116 Am. St. Rep. 545; Bogart v. City of New York, 200 N. Y. 379, 93 N. E. 937.

The judgment in favor of the defendant the Excelsior Brick Company is affirmed, with costs; and the order setting aside the verdict against the village of Haverstraw and granting a new trial is also affirmed, with costs.

JENKS, P. J., and CARR, J., concur. WOODWARD and RICH, JJ., dissent, however, from the statement that the plaintiff was guilty of contributory negligence as a matter of law.