(153 App. Div. 199.)

### FRASCONE v. LOUDERBACK et al.

(Supreme Court, Appellate Division, First Department. November 22, 1912.)

1. MASTER AND SERVANT (§ 332*)—INJURIES TO THIRD PERSONS—VERDICT—INCONSISTENCY.

   In an action for wrongful death against both a corporate master and its servant, whose alleged negligence caused the death, a verdict against the master, but exonerating its servant, cannot stand; being utterly

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

inconsistent, as a master's liability is based solely upon the negligence of the servant.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1274–1277; Dec. Dig. § 332.*]

2. APPEAL AND ERROR (§ 882*)—REVIEW—INVITED ERROR.

Where, in an action against a master and servant for injuries resulting from the negligence of the servant, the master requested the court to charge that the jury might find a verdict for both defendants or for one defendant or for the plaintiff as the case might be, he could not complain of a verdict finding against himself but exonerating the servant, as such verdict was in response to the instruction given at his request.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3591–3610; Dec. Dig. § 882.*]

3. NEW TRIAL (§ 161*)—IMPOSITION OF CONDITIONS—PAYMENT OF COSTS.

Where a master and his servant were jointly sued for injuries resulting from the negligence of the servant, and the jury, in response to a request to an instruction given at the request of the master, rendered a verdict against the master but exonerating the servant, the court on granting the master a new trial properly imposed the condition that he pay costs.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 321–323; Dec. Dig. § 161.*]

4. MASTER AND SERVANT (§ 328*)—PARTIES DEFENDANT—NECESSARY PARTY.

Where a servant negligently drives over a third person, action may be brought against the master alone without joining the servant.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 1267; Dec. Dig. § 328.*]

Appeal from Trial Term. New York County.

Action by Isidore Frascone, as administrator of the estate of Antoinette Frascone, deceased, against William Beekman Louderback and the Standard Oil Company. From a judgment for plaintiff against the corporate defendant, and an order granting its motion to set aside the verdict only upon condition, that defendant appeals. Affirmed.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Martin Carey and Dean Emery, both of New York City (Robert S. Sloan and Vine H. Smith, both of New York City, on the brief), for appellant.

Benjamin Patterson, of New York City (George Ball and Andrew Byrne, of New York City, on the brief), for respondent.

CLARKE, J. This is an action to recover damages for the death of plaintiff's intestate, a girl of five years, brought against the defendant Louderback and the defendant company. The complaint alleges:

"That on the 17th day of July, 1909, the above-named defendant, William Beekman Louderback, while in the discharge of his duty and in the scope of his employment as a traveling salesman for the Standard Oil Company, so carelessly and unlawfully operated a motor vehicle on 149th street in the city of New York, then and there being operated by him for and on account of the Standard Oil Company as to come in contact with and cause the death of Antoinette Frascone, without any fault on her part and through the neg-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ligence of the defendants, and particularly the said William Beekman Louderback."

The defendants answered separately, the defendant company denying that the defendant Louderback on the date alleged, or at any other time,, operated a motor vehicle in the discharge of his duty or in the scope of his employment, or for or on account of the said company.

There were thus presented, so far as Louderback was concerned, the two issues of negligence upon his part and of the want of contributory negligence on the part of the deceased, and on the part of the company the additional issue as to whether it was responsible for the negligence of Louderback at the time complained of upon the doctrine of respondeat superior. We have carefully examined this record, and are satisfied that a fair question of fact was presented by the evidence which required submission to the jury as to each of the three issues specified.

The learned trial court, after a brief general introduction in its charge, charged all of the requests submitted by the defendant, 30 in number, and all of those submitted by the plaintiff, 4 in number. Whereupon counsel for the defendant company said:

"I suggest that the jury be instructed as to the form of the verdict, since there are two defendants here, and a question of who might and might not be liable; that there might be a verdict for both defendants or for one defendant, or for the plaintiff as the case might be.

"The Court: Well, the jury may find a verdict—the form of the verdict may be for the plaintiff against both defendants, for the plaintiff against one defendant and in favor of the other, or in favor of both defendants against the plaintiff."

There were no further requests and no exceptions to the charge. The record shows the following:

"The jury rendered a verdict in the following form:

"The Foreman: We find for the plaintiff, Isidore Frascone, in the sum of thirty-five hundred dollars ($3,500) as against the one defendant, the Standard Oil Company.

"Counsel for the Company: If the court pleases, we move to set aside this verdict on the ground that it is contrary to the evidence, the weight of evidence, and against the law. We further move to set aside the verdict on the ground it cannot possibly stand against the defendant Standard Oil Company if there is not a verdict likewise against the defendant Louderback; that that fact in itself shows amply that the verdict is one that should be set aside. We further move to set aside the verdict on the ground that it is excessive, that it indicated passion, prejudice, and bias in the minds of the jury.

"Counsel for the Plaintiff: I suggest that you send the jury back for further examination.

"Counsel for Louderback: I except to that.

"Counsel for the Company: I likewise except to that.

"Counsel for the Plaintiff: If you do not decide to send the jury back, I ask you to allow us to file a brief on the subject. * * *

"Counsel for Louderback: If your honor please, here is the situation: There is ample evidence here to support this verdict as regards the defendant Louderback. He should not be put in jeopardy, whatever may be your honor's subsequent determination as to what should be done with our co-defendant. The verdict of this jury, however inconsistent it may appear in view of the Standard Oil Company, is supported by evidence as regards

the defendant Louderback. We are entitled to its verdict. I object to having it set aside or having anything done to it. I am thoroughly satisfied with that verdict, and there is evidence enough to support it as your honor and I know.

"Counsel for the Company: The motion that I made at the outset was intended to be, and I now make it in this form, that it is a motion to set aside the verdict only as regards the defendant Standard Oil Company. I think I may plead some surprise at the nature of the verdict in not seeing clearly at the moment that the motion so far as I am concerned could only be a motion to set aside as regards the Standard Oil Company, and not that my motion should in any wise affect the defendant Louderback, since the verdict has nothing to do with him, whatever way it was rendered.

"The Foreman of the Jury: I want to state that the jury found against the Standard Oil Company under the charge, and it was then right to find either in favor of the plaintiff and against the Standard Oil Company and Mr. Louderback, or against either of the defendants, and we took that stand, that we could find against the Standard Oil Company being the employer and Mr. Louderback only the employé, the employer being responsible for the acts of its agents. That is the stand the jury took when they conferred among themselves.

"Counsel for Plaintiff: I suggest the jury can go back under proper instruction. Decision reserved."

The court subsequently made an order setting aside the verdict and granting a new trial as to the defendant the Standard Oil Company only, upon the ground that the same is inconsistent and against the law, upon condition that within 10 days after the taxation of plaintiff's costs the company pay plaintiff's costs of this action from the commencement thereof, and that in case said costs were not so paid that said motion to set aside the verdict on all the grounds stated be and the same hereby is denied. The company did not pay the costs, and, having notified the plaintiff's attorney that the said costs would not be paid, the court entered an order directing the clerk to enter judgment upon the verdict against the defendant company. The judgment was thereupon entered as ordered.

The defendant company appeals from the judgment, and from so much of the order setting aside the verdict as imposed as a condition therefor the payment of the costs of the action to plaintiff, and denied said motion if not paid, and from so much of the said order as denied the motion for a new trial on the ground that it was the result of passion and prejudice, and also from the order denying the motion of the company for judgment in its favor on the verdict herein, and from the order directing the clerk to enter judgment on the verdict against the one defendant, the Standard Oil Company. No action upon the verdict has been taken by the defendant Louderback, and, of course, neither he nor the plaintiff appeals.

[1] Louderback and the company were not joint tort-feasors. The liability of the company depended solely upon the doctrine of respondeat superior. Being a corporation, a mere legal entity, it could not do any act except through its officers, agents, or employés, hence it could not itself commit actionable negligence. It could only be held responsible for the negligence of its agent, to wit, in the case at bar, Louderback, and therefore, if Louderback was not negligent, by no possibility could it be negligent. The sole basis of the master's liability under the doctrine of respondeat superior is the servant's negli-

gence. If that is not found, there can be no recovery. It is obvious, therefore, that, if the jury had in terms found no cause of action as against Louderback, the verdict against the company would have been utterly inconsistent, and, under ordinary circumstances, a judgment entered thereon ought not to be allowed to stand.

In Heffern v. Village of Haverstraw, 143 App. Div. 527, 128 N. Y. Supp. 399; plaintiff's intestate was killed while standing in a street in the village of Haverstraw by the caving of the street. The action was against the Excelsior Brick Company and the village. Upon the trial the jury found a verdict in favor of the brick company and against the village. The trial court set aside the verdict against the village, and plaintiff moved to set aside the verdict in favor of the Brick Company and for a new trial as to it, and appealed from both orders. Mr. Justice Burr said:

"There was no suggestion in the evidence that the defendant, the village of Haverstraw, was an active participant in the digging above referred to, or that it caused the excavation to be made. If it could be held liable at all under this complaint, it was for permitting the highway to remain in a dangerous and unsafe condition by reason of the wrongful and negligent acts of the other defendants, but the jury have decided that the Brick Company, the only other defendant, was not guilty of any wrongful or negligent act which was the proximate cause of the death of plaintiff's intestate. As the ground of the liability of the village is predicated upon an omission to prevent or remedy the wrongful act of its codefendant, if such codefendant is acquitted of fault in this regard, it is impossible to hold the village liable."

Both orders were affirmed.

[2] We feel that in the case at bar the situation in which the appellant finds itself is one entirely of its own making. Its final request to the court to charge that there might be a verdict for both defendants or for one defendant or for the plaintiff as the case might be was misleading and inaccurate. Counsel should have requested the court to charge that there could not be a verdict against the defendant company, unless they found against the individual defendant. When the court charged as requested, appellant made no further suggestion, request, or exception. The jury did not affirmatively find no cause of action against Louderback, but found precisely in accordance with the charge requested by the defendant company. Not only is that apparent from their verdict, but appears absolutely from the statement of the foreman of the jury, the jury being in the box and not discharged, and the defendant resisted the attempt of the plaintiff to have the jury sent back to reconsider their verdict.

[3] Notwithstanding the fact that they had induced the court to make an inaccurate charge, and resisted the effort to straighten out the matter at the trial, the court granted a motion to set aside the verdict and for a new trial upon condition of the payment of costs. From that provision of the order they appeal, and rely upon Rottenberg v. B. H. R. Co., 135 App. Div. 151, 119 N. Y. Supp. 1001. But in that case this court said:

"There may be cases where the erroneous verdict has been caused by the fault, mistake, omission, or improper conduct of a party to the action. The imposition of costs in such a case would be justified."

We think it perfectly clear that this case comes within the exception, and that the defendant company is responsible for the charge of the court and the verdict of the jury, and that the condition was properly imposed.

As the appellant deliberately refused to take advantage of the condition, the order directing judgment to be entered upon such default was proper. If, by the form of the verdict rendered, the defendant is deprived of the right to recover over as against its employé, it has no one to blame but itself.

[4] In order to reach the verdict rendered, the jury must have concluded that Louderback was negligent in the conduct of the car. For the form of the verdict we think the appellant responsible. As the plaintiff might have sued and recovered against the defendant company without joining Louderback as a party to the action, and as upon the facts we cannot say the verdict is against the evidence or the weight thereof, we have determined to affirm the judgment upon the ground that by its conduct below it is estopped from here questioning the form of the verdict.

The judgment and order appealed from should, therefore, be affirmed, with costs and disbursements to the respondent.

LAUGHLIN, SCOTT, and MILLER, JJ., concur. INGRAHAM, P. J., concurs in result.