*CHICAGO, R. I. & P. RY. CO. v. AUSTIN *et al.*

No. 3915.   Opinion Filed March 3, 1914.

On Rehearing, November 10, 1914.

(144 Pac. 1069.)

JUDGMENT—Trial of Issues—Parties.   In an action for damages for personal injuries, where a railway company and several of its employees who were charged with the commission of the acts of negligence which caused the injury were joined as parties defendant, and where from the negligence pleaded and the proof made the railway company, if liable at all, is liable upon the principle of respondeat superior, it is error to render judgment against the railway company upon the verdict of the jury which found in favor of the plaintiff as against the railway company and in favor of one of the employees; separate demurrers to the evidence having been sustained as to the others.

(Syllabus by the Court.)

*Error from Superior Court, Grady County;*
*Will Linn, Judge.*

Action by J. E. Austin against the Chicago, Rock Island & Pacific Railway Company and others.   Judgment for plaintiff against defendant named, and it brings error.   Reversed and remanded, with directions to grant new trial.

*C. O. Blake, R. J. Roberts, H. B. Lowe,* and *W. H. Moore,* for plaintiff in error.

*Bond & Melton,* for defendants in error.

---

*Appealed to the Supreme Court of the United States.

KANE, J.   This was an action for damages for personal injuries, commenced by the defendant in error, J. E. Austin, against the plaintiff in error the Chicago, Rock Island & Pacific Railway Company, and certain of its employees who were in charge of the switch engine and the cars that caused the injury. The answer was a general denial and an allegation to the effect that the injury complained of was not occasioned by any negligence on the part of the defendants, or any of them, but that said injuries, if so received, were directly occasioned by, and were the proximate result of, plaintiff's own negligence and want of care.   Upon trial to a jury, there was a verdict for the plaintiff against the railway company and in favor of one of the codefendants, separate demurrers to the evidence having been sustained on behalf of the others, upon which judgment was duly entered, to reverse which this proceeding in error was commenced.

The petition in effect states the manner of the injury as follows:   The plaintiff came upon the right of way of the railway company at the Sixth street crossing within the corporate limits of the town of Anadarko, and was walking with due care along the footpath running parallel to the company's tracks in said town.   That said path led to the railway company's depot in said town and was a path habitually used by the public as a foot pathway, with the knowledge and consent of the company. That while walking in said path *en route* to said depot and looking towards the east, an engine and cars of the company approached from the west.   That before the engine and cars reached a point opposite the plaintiff, the rearmost cars were uncoupled from the rest for the purpose of making a flying switch west of where the plaintiff was walking.   That after the cars had been uncoupled, and after the engine and one car had passed the plaintiff on a track just south of plaintiff, and while plaintiff was watching said engine and car and without any knowledge on his part that said cars had been uncoupled for the purpose of making a flying switch, he continued walking in said footpath toward the depot, and was just passing over the first switch track north of the main line, when, through the gross carelessness and negligence of the defendant company and its said agents

in charge of said detached cars, the same were permitted to run down upon and strike and wound plaintiff, and crush the limbs of plaintiff, without fault or negligence on his part, to plaintiff's damage in the sum of $50,000.

The employees who were made parties defendant were Ed Conners, conductor; J. S. Carmack, engineer; and Ray McCormick and Charles Best, brakemen. The specific acts of negligence against the employees are in effect as follows: That said engineer negligently put said cars in motion at a high and dangerous rate of speed; that said brakemen carelessly and negligently disconnected said cars from the engine while moving at a dangerous rate of speed and negligently switched said cars onto the track crossed by said footpath, not having same under proper control, and negligently failed to remain at the front of said cars and keep a lookout; that said conductor was in control and management of the train and under the duty of seeing that same was not negligently operated; that said defendant company and said defendant agents were guilty of negligence in making a flying switch in the nighttime and permitting the flying cars to noiselessly run upon and injure the plaintiff, without bell, whistle, or other means of warning.

At the close of the plaintiff's evidence, all the defendants interposed separate demurrers to the evidence, which were by the court sustained as to the defendants Carmack, McCormick, and Best, and overruled as to the railway company and Ed Conners, the conductor. The verdict returned by the jury found for the plaintiff and against the railway company and fixed the amount of his recovery at $12,900, and also found for the defendant Ed Conners, the conductor; whereupon the court adjudged that the plaintiff have and recover of and from the railway company the sum of $12,900 and all costs expended, and that the plaintiff take nothing in the action against the defendant Ed Conners, but that said defendant recover his costs.

There are a great many assignments of error; but, as all of them except the one upon which we are compelled to grant a new trial relate to actions of the court below which, if errors at all, are not likely to be repeated upon retrial, we do not deem it

necessary to notice them in detail. It will be noticed that the negligence alleged is primarily attributable to the employees of the railway company. The railway company itself is not charged with any• specific act of omission or commission; the right of the plaintiff to recover being dependent solely upon the doctrine of *respondeat superior.* The rule seems to be that, for an injury caused by the negligence of an employee not directed or ratified by his employer, the employee is liable because he committed the act which caused the injury, while the employer is liable, not as if the act was done by himself, but because of the rule of law which holds the master responsible for the negligent act of his servant, committed while the servant is acting within the general scope of his employment, and engaged in his master's business. In the case at bar the court found that there was no evidence reasonably tending to establish liability against any, save one, of the defendants alleged to be the primary actors, and the jury found in favor of that one. A very good statement of the principle applicable to such a situation may be found in *Bradley v. Rosenthal et al.,* 154 Cal. 420, 97 Pac. 875, 129 Am. St. Rep. 171, wherein Mr. Justice Henshaw, who delivered the opinion for the court, says:

"The employee's responsibility is primary. He is responsible because he committed the wrongful or negligent act. The employer's responsibility is secondary, in the sense that he has committed no moral wrong, but under the law is held accountable for his agent's conduct. While both may be sued in a single action, a verdict exonerating the agent must necessarily exonerate the principal, since the verdict exonerating the agent is a declaration that he has committed no wrong, and the principal cannot be responsible for the agent if the agent has committed no tort."

Another case analogous in principle is *N. O. & N. E. Ry. Co. v. Jopes,* 142 U. S. 18, 12 Sup. Ct. 109, 35 L. Ed. 919. The action was for damages against a railway company for an assault committed upon a passenger by the conductor. The defense was that the act of the conductor was lawful. In discussing the question which arose out of this phase of the case, Mr. Justice Brewer, said:

"If the immediate actor is free from responsibility because his act was lawful, can his employer, one taking no direct part in the transaction, be held responsible? Suppose we eliminate the employee, and assume a case in which the carrier has no servants, and himself does the work of carriage; should he assault and wound a passenger in the manner suggested by the instruction, it is undeniable that if sued as an individual he would be held free from responsibility, and the act adjudged lawful. Can it be that if sued as a carrier for the same act a different rule obtains, and he be held liable? Has he broken his contract of carriage by an act which is lawful in itself, and which as an individual he was justified in doing? The question carries its own answer; and it may be generally affirmed that if an act of an employee be lawful, and one which he is justified in doing, and which casts no personal responsibility upon him, no responsibility attaches to the employer therefor."

The Jopes case is cited as authority supporting the conclusion reached by the court in the earliest cases wherein this principle was applied in circumstances similar to those in the case at bar. *Doremus v. Root,* 23 Wash. 710, 63 Pac. 572, 54 L. R. A. 649. In that case Doremus was a fireman and Root was conductor on an extra freight train. The fireman was injured as a result of a collision on a siding, the collision being due to the alleged negligence of the conductor and the railway company. As in the instant case, the jury returned a verdict in favor of Root and against the railway company, upon which judgment was entered. The Supreme Court held that:

"Where a fireman was injured in a collision owing to a train conductor failing to obey his orders, and he sued the railroad and the conductor jointly, and a verdict was rendered against the railroad company, nothing being said about the conductor, and the court entered judgment in favor of the conductor, it was error to enter judgment against the railroad, since, if the conductor was not negligent, the railroad could not be liable, and the judgment in favor of the conductor operated as an estoppel in favor of the railroad."

The Doremus case has been followed by the Supreme Court of Washington in *Stevick et al. v. Northern Pac. Ry. Co. et al.,* 39 Wash. 501, 81 Pac. 999; *Morris v. N. W. Imp. Co.,* 53 Wash. 451, 102 Pac. 402; *Sipes v. Puget Sound Elec. Ry. Co.,* 54 Wash.

47, 102 Pac. 1057; *O'Brien v. American Casualty Co. et al.,* 58 Wash. 477, 109 Pac. 52. Among the cases in other jurisdictions in point to the same effect are: *Chicago, St. Paul, M. & O. Ry. Co. v. McManigal et al.,* 73 Neb. 580, 103 N. W. 305, 107 N. W. 243; *Hayes v. Chicago Telephone Co. et al.,* 218 Ill. 414, 75 N. E. 1003, 2 L. R. A. (N. S.) 764; *Indiana Nitroglycerine & Torpedo Co. v. Lippincott Glass Co.,* 165 Ind. 361, 75 N. E. 649; *McGinnis v. Chicago, R. I. & P. Ry. Co. et al.,* 200 Mo. 347, 98 S. W. 590, 9 L. R. A. (N. S.) 880, 118 Am. St. Rep. 661, 9 Ann. Cas. 656; *Portland Gold Min. Co. v. Stratton's Independence, Limited, and Price and Burbridge,* 158 Fed. 63, 85 C. C. A. 393, 16 L. R. A. (N. S.) 677; *Southern Ry. Co. v. Harbin et al.,* 135 Ga. 122, 68 S. E. 1103, 30 L. R. A. (N. S.) 404, 21 Ann. Cas. 1011; *Frascone v. Louderback et al.,* 153 App. Div. 199, 138 N. Y. Supp. 370; *Heffern v. Village of Haverstraw et al.,* 143 App. Div. 527, 128 N. Y. Supp. 399. The opinion in *McGinnis v. Chicago, R. I. & P. Ry. Co. et al., supra,* contains a very lucid discussion of the principle under consideration. Mr. Justice Graves, who delivered the opinion of the court, says:

"From the negligence pleaded and the proof made, the railway company, if liable at all, is liable upon the principle of *respondeat superior.* There are two classes of cases falling under this doctrine; one wherein the master is held liable for the nonfeasance or negligent failure of the servant to perform a duty, and the other where the master is held liable for the misfeasance, or negligent performance of a duty. In the one case the servant simply negligently fails to do what should have been done, and in the other he negligently does what should have been done and properly done. In the first class of cases, the servant is not liable to third parties, but the master under the rule of *respondeat superior* is liable. In the second class, both are liable to third parties; the servant because he actually does the wrongful act occasioning the injury, the master because, under the rule of *respondeat superior,* he is liable for the negligent act of the agent done within the scope of his employment, and in the course and performance of his master's business. In either case the master has recourse upon the servant as for breach of duty to the master. The case at bar is one for misfeasance, or one of the second class as above classified. Counsel for plaintiff evidently so understood it, or there would have been no joinder of the servant. But

whether he did so understand and so act is immaterial, for the evidence so shows. 'We have quoted at length from the evidence, for the reason that in the brief counsel for plaintiff undertakes to argue that the act of French in lifting and pushing the rubble car in the way he did was misfeasance, but his act in failing to assist in letting down the car was nonfeasance. This will not do. The thing to be done was to turn over a rubble car. French participated in that work, and, if he was guilty of negligence in doing the work, it was misfeasance.' By the verdict of the jury, French was found not guilty of negligence, and appellant claims, and we think rightfully, that, if French is adjudged not guilty of the charge of negligence, it likewise stands discharged. If the defendant is liable at all under the pleading and evidence, it is liable by reason of the negligence of French, and not otherwise. It is a travesty upon the law to say that French has been guilty of no negligence in this case, and by the same verdict and judgment say the defendant is guilty of negligence, through French, its servant, for which it is liable and should pay damages. * * * We are firmly of the opinion that in cases where the right to recover is dependent solely upon the doctrine of *respondeat superior*, and there is a finding that the servant, through whose negligence the master is attempted to be held liable, has not been negligent, as was true in the case in hand, there should be no judgment against the master. The verdict in this case is a monstrosity. The jury say French was guilty of no negligence, although nothing further was done by the company than what it did through French, its servant. Such a verdict is wrong. It is inconsistent and unreasonable. The conclusion reached upon this proposition renders further inquiry as to other questions unnecessary."

Whilst there are a few cases which seem to disapprove the general rule above laid down (*Illinois Cent. Ry. Co. v. Murphy, Adm'r*, 123 Ky. 787, 97 S. W. 729, 11 L. R. A. [N. S.] 352; *Gulf, C. & S. F. Ry. Co. v. James*, 73 Tex. 12, 10 S. W. 744, 15 Am. St. Rep. 743), certainly the great weight of authority, and we think the sounder reasoning, support it. As was said by Judge, now Justice of the Supreme Court, Van Devanter, in *Portland Gold Min. Co. v. Stratton's Independence, Limited, and Price and Burbridge, supra:*

"The objections urged against it (the general rule) now and heretofore are: (1) That, as the responsibility of joint tort-

feasors is several as well as joint, one may be exonerated and another held culpable; and (2) that one may not have the benefit of an adjudication as an estoppel, unless he would have been prejudiced by it had it been the other way. But it is quite generally held that these objections do not prevent an estoppel where, as here, the one exonerated was the immediate actor and his personal culpability is necessarily the predicate of the plaintiff's right of action against the other, and we think that upon principle this ought to be true."

The judgment of the court below is therefore reversed, and the cause remanded, with directions to grant a new trial.

All the Justices concur, except WILLIAMS, J., absent.

ON REHEARING.

KANE, C. J. Pending the petition for rehearing herein, the case of *Pangburn v. Buick Motor Company et al.*, 211 N. Y. 228, 105 N. E. 423, has been decided by the Court of Appeals of New York. As the opinion in that case supports the conclusion reached herein, we now cite it as an additional authority, and overrule the petition for a rehearing.

All the Justices concur.