## AUTOMOBILE INS. CO. OF HARTFORD, CONN., v. HARRISON et al.

District Court, S. D. New York.
June 25, 1934.

Lester Weil, of New York City (Emanuel Thebner, of New York City, of counsel), for plaintiff.

Hunt, Hill & Betts, of New York City (Geo. Whitefield Betts, Jr., John W. Crandall, and William Logan, Jr., all of New York City, of counsel), for defendants.

WOOLSEY, District Judge.

This motion is in all respects granted.

I. The refusal of the state court to approve the petition for removal has not any effect, because the United States District Court is entitled itself to determine whether a removal is proper under the federal statutes or not. In this respect it is the dominant jurisdiction, Kern v. Huidekofer, 103 U. S. 485, 490, 26 L. Ed. 354, and may enjoin the plaintiff, in a cause properly removed, from proceeding further in the state court, Madisonville Traction Co. v. St. Bernard Mining Co., 196 U. S. 239, 245, 25 S. Ct. 251, 49 L. Ed. 462; Donovan v. Wells Fargo & Co. (C. C. A.) 169 F. 363, 371, 22 L. R. A. (N. S.) 1250; Rose on Federal Jurisdiction and Procedure (2d Ed.) §§ 399, 401.

II. On a question of remand, I am entitled to look at the structural essence of the situation set forth in the complaint. Genuine Panama Hat Works, Inc., v. Webb et al. (D. C.) 36 F.(2d) 265, 267; Sklarsky v. Great Atlantic & Pacific Tea Co. (D. C.) 47 F.(2d) 662, 664, and cases therein cited.

The facts in the complaint—not the legal conclusions drawn from those facts nor the pleader's averments of joint liability, nor his prayer if it asks for joint relief—determine whether or not the controversy disclosed by the complaint is separable. City of Winfield v. Wichita Natural Gas Co., 267 F. 47, 52 (C. C. A. 8th).

III. A careful reading of the complaint, which is not very clearly drawn, shows that the defendants fall into at least three categories:

First. Frank B. Hall & Co., Inc., a New York corporation, which made a general average adjustment and having collected thereunder is holding such collection as trustee for those entitled to pro rata shares under the adjustment, whereunder plaintiff claims to be entitled to a certain recovery which has not been paid.

Second. The St. Paul Fire & Marine Insurance Company, an insurer of some of the cargo involved in the adjustment to which it is claimed some money due under the adjustment to the plaintiff has been wrongfully paid by the adjusters.

Third. Mahlon C. Harrison and the Harrison Corporation, agents at the times in question of an insurance company, which through various mesne assignments is claimed to have assigned to the plaintiff any recovery under the general average referred to above which might enure to it by reason of its subrogation to the claims of the insured cargo involved therein.

IV. It is perfectly obvious that every liability must be founded on a breach of duty, and that the duties, if any, which may have been owed to the plaintiff by the defendants by reason of the matters complained of, were several and not joint.

There is not any joint liability under a general average adjustment between different owners of cargo or the insurers thereof who may be subrogated to the rights of such owners. No cargo owner or subrogated insurance company is liable for the contribution due from any other cargo owner or subrogated insurance company or entitled to contributions due to any other cargo owner or subrogated insurance company.

The result is that it would be difficult to imagine a case in which the liability was more separable than in a case involving, as here, a general average.

What we really have here is a situation where the causes of action, if any, which the plaintiff has against the removing defendants, confessedly citizens and residents of other states than New York, arise out of entirely different duties and result in several liabilities. It is clear, therefore, that there is a separable controversy here, and therefore that the case was properly removed to this court from the New York Supreme Court, New York County.

Settle order on notice.