## NORWALK v. AIR–WAY ELECTRIC APPLIANCE CORPORATION et al.

District Court, S. D. New York.
Jan. 15, 1936.

Goodman & Friedman, of New York City, for plaintiff.

Cotton, Franklin, Wright & Gordon, of New York City (Paul W. Williams, of New York City, of counsel), for defendant Air-Way Electric Appliance Corporation.

CAFFEY, District Judge.

Of the defendants we need concern ourselves only with Medio, a resident of New York, and Air-Way Electric Appliance Corporation, which is a nonresident.

Two propositions are indisputable and, as I understand, counsel agree upon them: (1) What is the cause of action sued on is determinable from the complaint alone and, in considering it, we are confined to its allegations of fact, disregarding conclusions and prayer. Automobile Insurance Co. of Hartford v. Harrison (D.C.)

7 F.Supp. 846. (2) What constitutes the cause of action is determinable by the law of the state in which it arose. Chicago, R. I. & P. R. Co. v. Schwyhart, 227 U.S. 184, 33 S.Ct. 250, 57 L.Ed. 473.

The complaint alleges that the injury, for which damages are sought, was inflicted in New York by negligence of the resident. It does not allege that the nonresident directly participated in the negligence of the resident, nor that the negligence of the nonresident, which is charged, was concurrent with the negligence of the resident. In other words, according to the complaint, the negligence of the resident was actual, while that of the nonresident is imputed. The effect of this is that the effort of the plaintiff to recover from the nonresident is predicated solely upon the doctrine of respondeat superior.

The law of New York (applicable here) is settled that the test of whether or not the nonresident master is obligated to respond for the negligence of the resident servant is wholly different from the test of whether or not the servant is liable; the liability of each turns on a quite different rule of law from that which governs with respect to the liability of the other. This has been so held, not alone by the Appellate Divisions of the First and Second Departments (Frascone v. Louderback, 153 App.Div. 199, 138 N.Y.S. 370; Fedden v. Brooklyn Eastern District Terminal, 204 App.Div. 741, 199 N.Y.S. 9), but by the New York Court of Appeals as well (Pangburn v. Buick Motor Co., 211 N.Y. 228, 105 N.E. 423).

In consequence, as matter of substantive law in New York state, the controversy of the plaintiff with the nonresident is entirely separate from the controversy of the plaintiff with the resident; that is, the two questions are determinable by separate rules of law.

Accordingly, within the meaning of section 28 of the Judicial Code (28 U.S.C.A. § 71), the controversy between the plaintiff and the nonresident is separable from the controversy between the plaintiff and the resident. Genuine Panama Hat Works v. Webb (D.C.) 36 F.(2d) 265. See, also, Henderlong v. Standard Oil Co. (D.C.) 17 F.(2d) 184.

The plaintiff urges that New York state practice permits joinder of the nonresident and the resident in a single action; hence that under the state law the liabili-

ties of the nonresident and the resident are joint.

It is true that both the nonresident and the resident may be brought into the same suit. Nevertheless, as previously pointed out, the New York courts have said that the rules for ascertaining whether each is liable are entirely different. The convenience afforded in the state courts for the determination of separate liabilities arising out of the same incident do not change the governing measures of liability established by the state law. Lynch v. Springfield Fire & Marine Ins. Co. (D.C.) 15 F. (2d) 725.

Next, the plaintiff insists that the Supreme Court of the United States has settled that the liabilities of the nonresident and the resident are joint. In support of this claim, four decisions are cited. Careful scrutiny of these is necessary in order to discover precisely what they held. Without going into details, however, it is enough to point out that in Hay v. May Dept. Stores Co., 271 U.S. 318, 46 S.Ct. 498, 70 L.Ed. 965, the other cases relied on by the plaintiff were interpreted and adhered to, without laying down anything new. It was there said of them (271 U.S. 318, at page 321, 46 S.Ct. 498, 499, 70 L. Ed. 965):

"It is well settled by the decisions of this court, that an action brought in a State court against two defendants jointly, in which the plaintiff states a case of joint liability arising out of the concurrent negligence of the defendants, does not present a separable controversy authorizing the removal of the cause to a Federal court, even though the plaintiff might have sued the defendants separately."

If we accept the Supreme Court's interpretation of its own decisions, as set out in the quoted extract from one of them, manifestly they lend no support to the plaintiff's contention.

It is true that Lake v. Texas News Co. (D.C.) 51 F.(2d) 862, furnishes comfort to the plaintiff. There the Genuine Hat Works and Henderlong Cases, supra, were criticized and the Supreme Court decisions were construed in the way the plaintiff construes them. However, I prefer, indeed I feel bound by, the construction placed on those cases by Hay v. May Dept. Stores Co., supra. It is to be noted also that in the Lake Case there was no reference to the Hay Case.

The third sentence of section 28 of the Judicial Code is as follows:

"And when in any suit mentioned in this section there shall be a controversy which is wholly between citizens of different States, and which can be fully determined as between them, then either one or more of the defendants actually interested in such controversy may remove said suit into the district court of the United States for the proper district."

As I see it, under the facts here, the quoted clause confers on the nonresident defendant the absolute right of removal. The plaintiff and the nonresident defendant are citizens of different states. For reasons previously given the controversy as to whether, on the doctrine of respondeat superior, the plaintiff is entitled to recover against the nonresident is "wholly between them" and "can be fully determined as between them" without passing on the controversy between the plaintiff and the resident defendant. This has been expressly so adjudicated by the New York State courts.

I feel, therefore, that denial to the nonresident defendant of access to this court for trial of the question of its liability would be equivalent to nullification of the statute.

When suit was commenced, the nonresident was not doing business in New York state. Cf. Davega, Inc., v. Lincoln Furniture Mfg. Co. (C.C.A.) 29 F.(2d) 164. See, also, Jeffrey-Nichols Motor Co. v. Hupp Motor Car Corporation (D.C.) 41 F.(2d) 767. Nor, ignoring (as we must) hearsay declarations, is there warrant for saying that Smith, when served with process, was its agent, much less its managing agent. S. B. McMaster, Inc., v. Chevrolet Motor Co. (D.C.) 3 F.(2d) 469. I think the facts do not bring this case at all within International Harvester Co. v. Kentucky, 234 U.S. 579, 34 S.Ct. 944, 58 L.Ed. 1479, or Tauza v. Susquehanna Coal Co., 220 N. Y. 259, 115 N.E. 915.

It follows that the service on Smith was insufficient to obtain jurisdiction of the person of the nonresident.

Motion to remand denied. Motion to vacate service granted. Settle order on two days' notice.