## HARTMAN et al. v. NEW YORK & MIAMI S. S. CORPORATION et al.

District Court, S. D. New York.
Sept. 23, 1936.

Platow, Lyon & Stebbins, of New York City, for plaintiffs.

Burlingham, Veeder, Clark & Hupper, of New York City, for defendants New York & Miami S. S. Corporation and Agwilines, Inc.

MANDELBAUM, District Judge.

This action was removed from the New York state Supreme Court on petition of two nonresident defendant corporations. The plaintiff seeks to have this case remanded to the state court on the ground that one of the defendants is a resident of the state of New York, and that the complaint does not state a separable controversy.

The solution to this problem hinges on whether the plaintiff's cause of action against the resident defendant, O'Hearn, and the nonresident defendants, New York & Miami Steamship Lines Corporation and Agwilines, Inc., contains a separable controversy. If so, the action properly belongs in this court. If not, this case should be remanded to the state Supreme Court.

Reducing the complaint to its lowest terms, it charges the defendant O'Hearn, a passenger on board boat, with having assaulted the plaintiff, a fellow passenger, and the two remaining defendants with having failed to properly protect and safeguard her in violation of an express or implied agreement to safely convey from the port of departure to the port of arrival. An action against the defendants by the plaintiff's husband for loss of services is also set forth in the complaint.

Plaintiff maintains that the action is based upon joint and concurrent acts of all the defendants, each dependent on the other.

The two nonresident defendants, seeking to invoke the jurisdiction of this court, contend that, regardless of the fact that the state statute permits the joinder of all these parties in one action, the complaint nevertheless states a separable controversy, and is therefore properly in this court.

The test of what constitutes a separable controversy was aptly defined by Judge Woolsey of this district in the case of Goetz v. Interlake S. S. Co. (D.C.) 47 F. (2d) 753, 755, where in the course of his opinion he said: "Negligence, if any, towards the plaintiff on the part of the two defendants would, therefore, involve *breach by each of a different kind of duty owed to the plaintiff*, and would constitute a separate tort by each of the defendants and, necessarily, a separable cause of action when both are sued together." (Italics

mine.) See, also, Norwalk v. Air-Way Electric Appliance Corporation (D.C.) 14 F.Supp. 129.

A further examination of the complaint convinces the court that the theory upon which a recovery is sought against the resident defendant O'Hearn (assault) is distinctly different from that against the two nonresident defendants (negligence in not properly safeguarding the person of the plaintiff in violation of an express or implied contract to safely convey).

It is elementary that the respective duties owed by the resident and nonresident defendants to the plaintiff *are of a wholly different nature and constitute separate torts.*

In Sklarsky v. Great Atlantic & Pacific Tea Co. (D.C.) 47 F.(2d) 662, at page 665, the court said:

"In any event, the cause of action alleged against the tea company is separable from that against the Einhorn Company, because it is based on breach of a wholly different duty from the contract duty owed by the Einhorn Company. In this respect the case differs entirely from Del Fungo Giera v. Rockland Light & Power Co. (D. C.) 46 F.(2d) 552, which I recently remanded, in which a joint fraud was alleged by plaintiff based on the same duty owed by all the defendants.

"The plaintiff's alleged cause of action against the tea company can only be based on a tort, comparatively recently developed, falling under a category of maliciously inducing breaches of contract."

As pointed out in the memorandum submitted by counsel in opposition to this motion, these causes of action against the defendants *could not have been joined at common law*, the one against O'Hearn, being in "trespass," and the one against the others an "action on the case".

The fact that section 209 of the Civil Practice Act of New York has changed the common-law rule and has permitted the joinder of such causes of action does not of necessity make the liability of the defendants joint. See Young v. Southern Pacific Co. (C.C.A.) 15 F.(2d) 280.

The complaint states a separable controversy, and the motion to remand is therefore denied.