## ST. LOUIS & S. F. R. CO. et al. v. WILLIAMS.

No. 5140. Opinion Filed February 8, 1916.

Rehearing Denied February 29, 1916.

(155 Pac. 249.)

1. **TRIAL—Verdict—Instructions.** Verdict examined and **held** a substantial compliance with the instructions of the court.

2. **JUDGMENT—Conformity to Verdict—Caption.** As a general rule the caption of a verdict is not a material part thereof, and courts will not ordinarily be governed thereby, but rather by the body or findings. However, where the court makes the caption a part of his instructions and the intention of the jury is evident, it was error for the trial court to disregard such verdict in entering the judgment.

3. **RAILROADS—Death of Pedestrian—Verdict—Judgment.** In an action for damages for personal injuries, where a railway company and one of its employees, who were charged with the commission of the acts of negligence which caused the injury, were joined as parties defendant, and where from the negligence pleaded and the proof made the railway company, if liable at all, is liable upon the principle of **respondeat superior**, it is error to render judgment against the railway company upon the verdict of the jury which found in favor of the plaintiff as against the railway company and in favor of the employee.

(Syllabus by Watts, C.)

Error from Superior Court, Tulsa County;
M. A. Breckenridge, Judge.

Action by Mizzie Williams against the St. Louis & San Francisco Railroad Company and another. Judgment for plaintiff, and defendants bring error. Reversed and remanded.

*W. F. Evans, R. A. Kleinschmidt,* and *E. H. Foster,* for plaintiffs in error.

*Luther James (F. F. Lamb,* of counsel), for defendant in error.

Opinion by WATTS, C. Mizzie Williams recovered judgment for $2,500 in the superior court of Tulsa county, against the St. Louis & San Francisco Railroad Company and Samuel L. Fivecoat, an employee of the company, and who at the time of the injury complained of was running a locomotive engine, which ran over and killed the husband of Mizzie. The defendants appeal from the judgment, and assign as error the action of the trial court as follows: (1) In overruling demurrer to plaintiff's evidence. (2) In overruling motion of defendant for peremptory instruction. (3) In giving certain instructions to the jury. (4) In refusing to give certain instructions. (5) In overruling the motion for a new trial.

Separate assignment of error of defendant Samuel L. Fivecoat:

"In rendering judgment against this defendant upon the verdict of the jury returned in said cause, the same being in favor of this defendant."

The petition charges carelessness and negligence in operating trains and failure to keep necessary and proper safeguard and lookout for pedestrians, by reason of which plaintiff's husband was run over and killed. The answer is a general denial, and an affirmative allegation of contributory negligence, which the reply denies.

The defendant Fivecoat contends the court erred in entering judgment upon the verdict against him. The court instructed the jury:

"And the court instructs in this connection that your verdict may be against one or both of said defendants, or may be in favor of one or both of said defendants, according as the evidence may warrant upon the questions of fact submitted to you. If the jury shall believe from the evidence that one defendant is guilty of such negligence as will entitle the plaintiff to recover, and that the other defendant is free from negligence, they may render a verdict against the defendant they think liable under the evidence.

"If you find for the plaintiff in this case, and against both of the defendants, then your verdict will stand as it is, and you will write in the word 'plaintiff'; but in the event you find in favor of the plaintiff and against either one of the defendants, you will rub out the word 'defendants' and say 'defendant,' and which one it is."

The verdict returned is in the following form:

"Mizzie Williams, Plaintiff, v. The St. Louis & San Francisco Railway Company, and Samuel L. Fivecoat, Defendants.

"Verdict.    Civil Case No. 109.

"We, the jury duly impaneled and sworn in the above-entitled case do find the issues for the plaintiff and assess the amount to which she is entitled to recover at $2,500.

"[Signed]        A. B. OWENS, *Foreman.*"

As we see the case it is only necessary to pass on the separate assignments of defendant Fivecoat. Did the court err in entering judgment against him on the verdict? There is no question in our mind but that the verdict is for Fivecoat. By close analysis it will be seen that the jury substantially followed the court's instruction by striking the letter "s" in word "defendants" and words "and

Samuel L. Fivecoat." As a general rule the caption of the verdict is not a material part thereof, and courts will not ordinarily be governed thereby, but rather by the body of the verdict or findings. However, where the court makes the caption a part of his instruction as in this instance, and the intention of the jury is so evident, we must hold that the trial court erred in disregarding the verdict of the jury and entering judgment herein. 23 Cyc. 820.

Counsel no doubt will ask: How does this court know the jury made the erasures? It is the duty of the court to submit to the jury a proper form of verdict, and we assume the trial court under the instruction above gave the jury a proper form, free from such erasures, or, in other words, would not have rubbed out or stricken out substantially what he instructed the jury to do, and at the same time said to the jury, "you will rub out," etc. And we assume, further, that if the court submitted the verdict in the above form, he likewise under the instructions would have submitted other forms for the defendants. The rejected forms would be material on the question for decision and an important part of the case-made, but no rejected forms are a part of the record before us, and by the certificate of the attorneys and the trial judge, the record, etc., before us, "is full, true, correct, and complete."

Having reached the above conclusion, it follows that the judgment against the defendant company must also be reversed, and new trial granted. Defendant Fivecoat could not be innocent and the defendant company guilty, because in a case of this kind a principal acts through its agent, and if the agent did no wrong, then such is proof positive that the principal was innocent and would be absolved from liability. This court has so held.

"In an action for damages for personal injuries, where a railway company and several of its employees who were charged with the commission of the acts of negligence which caused the injury were joined as parties defendant, and where from the negligence pleaded and the proof made the railway company, if liable at all, is liable upon the principle of *respondeat superior*, it is error to render judgment against the railway company upon the verdict of the jury which found in favor of the plaintiff as against the railway company and in favor of one of the employees; separate demurrers to the evidence having been sustained as to the others." *(Chicago, R. I. & P. Ry. Co. v. Austin,* 43 Okla. 698, 144 Pac. 1069.)

See, also, *Doremus v. Root et al.,* 23 Wash. 710, 63 Pac. 572, 54 L. R. A. 649.

The judgment of the trial court should be reversed, and new trial granted.

By the Court: It is so ordered.