## SMITH v. BOND.

No. 6252.   Opinion Filed February 29, 1916.

(155 Pac. 1116.)

**EVIDENCE—Parol—Incomplete Written Contract.**   Where an oral contract is partially reduced to writing, and the writing evidencing it is not a complete and final statement of the entire transaction, parol evidence not inconsistent with such written contract is admissible to show the full agreement.

(Syllabus by Rittenhouse, C.)

*Error from District Court, Love County;*
*S. H. Russell, Judge.*

Action by L. O. Smith against R. T. Bond.   Judgment for defendant, and plaintiff brings error.   Affirmed.

*Cruce & Potter,* for plaintiff in error.

*A. Eddleman* and *J. C. Graham,* for defendant in error.

Opinion by RITTENHOUSE, C. This action was instituted by L. O. Smith to recover from Rufus T. Bond upon a certain promissory note of $1,210 and interest, which note was given for an interest in a mercantile business owned by L. O. Smith in Love county, Okla. After the purchase of this interest, a partnership was formed of Walker, Bond & Co., which was composed of R. H. Walker, Rufus T. Bond, and L. O. Smith. In the note sued on, the payee retained the title, ownership, and possession of the interest of Rufus T. Bond in and to said mercantile business as security for the note. The defendant, Rufus T. Bond, answered, admitting the exesution of the note, but alleging that in 1911 the firm of Walker, Bond & Co., and the individual members thereof, were adjudged bankrupts; that subsequently an agreement was entered into between said firm, and the members thereof, whereby it was agreed that all existing indebtedness, as between the individual members of said firm, among themselves and each individual to said firm, should be canceled and held for naught; that by virtue of this agreement the indebtedness sued on in this action was canceled; that it was further then and there agreed by said partnership, the individual members thereof, and their several creditors, that all the assets of said firm should be delivered to Rufus T. Bond, and that plaintiff would pay to defendant the sum of $500 in cash; that in consideration of the cancellation of all of said indebtedness as aforesaid, the payment of said $500 in cash, and the further consideration of the conveyance of all the assets of the firm of Walker, Bond & Co. to this.

defendant, this defandant then and there undertook and agreed to settle with the creditors of said Walker, Bond & Co.; that the creditors consented to said agreement, and agreed to and did take and look to the defendant, Bond, for payment, and released the said R. H. Walker and L. O. Smith from any liability on account of the indebtedness of said firm; that this agreement was referred to the referee in bankruptcy, and by a vote of the creditors a composition was approved; and that pursuant thereto this defendant settled with the creditors. To this answer the plaintiff filed a reply, in the nature of a general denial.

It developed in the evidence that the partnership of Walker, Bond & Co. was entered into in June, 1909; that in 1911 the firm, and the individual members thereof. were adjudged bankrupts; and it also developed in the evidence that the individual members of said firm were indebted to the firm in large sums, to wit: Rufus T. Bond, in the sum of $1,200; L. O. Smith, in the sum of $2,700; and R. H. Walker, in the sum of $4,400. Nowhere in the pleading was it intimated that the agreement, as alleged in the answer, was reduced to writing; but it came out in the evidence that a bill of sale had been executed, conveying the assets of the firm to Rufus T. Bond, provided Bond would pay the debts of the firm. At the trial, after it had developed that a bill of sale had been executed, the defendant contended that the bill of sale executed by Walker and Smith to Bond, a copy of which was introduced in evidence, was only a part of the contract entered into at the time, having been executed for the purpose of conveying the interests of said Smith and Walker in the firm property to Bond; that the same was not the entire contract between the parties, and should only be considered in connection with the entire transaction. While, on

the other hand, it was contended by the plaintiff that `any evidence relative to the cancellation of the indebtedness between the individual members of the firm, which was the defense of the defendant, would have the effect to vary, add to, and contradict the bill of sale entered into between these parties.

It will be observed from an examination of the note that it was given for the purchase price of an interest in the firm assets, and that all of the interest so transferred, and in consideration for which said note was given, was retained by Smith as security for the payment of that debt. The complaint which is made here is that Rufus T. Bond was permitted to testify, in addition to the statements in the bill of sale, that the assets were conveyed to him in consideration of his paying the firm indebtedness and procuring release for the other members of the firm, and that the said L. O. Smith agreed to release him from the payment of the note sued on in this action. Plaintiff in error has cited a long line of authorities from this state where the general rule has been announced that written contracts cannot be varied, added to, or contradicted by parol evidence, and that where parties have reduced their obligations or agreements to writing, which upon their face are couched in such terms as import a complete legal obligation, and with no uncertainty as to the nature, character, object, and extent of the agreement, all the prior negotiations and agreements are regarded as merged therein. The question before us is whether or not the bill of sale is a complete and final statement of the entire contract entered into between the parties. If not, parol evidence consistent with the bill of sale is admissible to show the full agreement.

The bill of sale was only an incident in the transaction. It did not attempt to evidence the entire contract, but merely recites the sale of the assets to Rufus T. Bond, in consideration of the assumption and payment of the debt by him, and the procuring of a full and complete release and discharge from liability of the firm debts. There are several material questions which were not reduced to writing in this transaction. The cash payment of $500, which the plaintiff agreed to pay and which was admitted by him at the trial, was not made a part of this bill of sale. The plaintiff was indebted to the firm in the sum of $2,700. This was not mentioned in the bill of sale, and yet the evidence shows that it was agreed that he should be released from liability. If the bill of sale is to be the criterion by which this contract is to be construed, and oral evidence is not to be introduced to show the true contract, then the plaintiff in this action would be liable to the defendant in the sum of $2,700, his indebtedness to the firm, a part of the assets of the firm, and which is largely in excess of the amount sued for in this action. We believe that this bill of sale is not couched in such terms as to import a complete and final statement of the entire transaction, and, such being the case, parol evidence consistent with the bill of sale was admissible to show the full agreement. *Holmes v. Evans*, 29 Okla. 373, 118 Pac. 144; Ency. of Evidence, vol. 9, 345.

The three assignments of error all pertain to the admission of parol evidence, which it is contended varied the terms of the bill of sale. Inasmuch as we have held that the bill of sale was not a complete statement of the contract, and that parol evidence was admissible for the purpose of showing the true consideration, the other two assignments of error are immaterial. The jury having

found that the note in controversy was canceled by the settlement of April 19, 1911, and there being competent evidence reasonably tending to support that contention, we are bound by the judgment.

The judgment should therefore be affirmed.

By the Court: It is so ordered.