**KANSAS CITY, M. & O. RY. CO. et al. v. LEUCH et al.**

No. 7235—Opinion Filed July 11, 1916.

(158 Pac. 1146.)

**Master and Servant—Liability to Third Person—Action—Direction of Verdict.**

In an action for damages for personal injuries, where a railroad company and one of its employees, who was charged with the commission of the acts of negligence which caused the injury, were joined as parties defendant, and where, from the negligence pleaded and the proof made the railway company, if liable at all, is liable upon the principle of respondeat superior, and the court, at the conclusion of tne evidence, directs the jury to return a verdict in favor of the employee, it is error for the court to submit to the jury the issue of the negligence of the defendant railroad company.

(Syllabus by Rummons, C.)

Error from District Court, Washita County; Jas. R. Tolbert, Judge.

Action by J. E. Leuch against the Kansas City, Mexico & Orient Railway Company and others. From a judgment for plaintiff against the defendant Railway Company and others, the Railway Company and its receivers bring error. Reversed and remanded.

John A. Eaton, D. W. Eaton, Hyden J. Eaton, and F. W. Fischer, for plaintiffs in error.

Opinion by RUMMONS, C. This action was commenced in the district court of Washita county by the defendant in error, J. A. Leuch, hereinafter styled the plaintiff, against the Kansas City, Mexico & Orient Railway Company, a corporation, and M. L. Turner, J. O. Davidson, and A. H. Dickerson, receivers of the Kansas City, Mexico & Orient Railway Company, Maggie Lee, an engineer of said railway company, Clinton Street Railway Company, and Dell West, a motorman of said street railway company, hereinafter styled the defendants, to recover for injuries received by plaintiff in a collision between a locomotive of said railway company and a motor car of said street railway company, at a street crossing in the city of Clinton, Okla. The case was tried to a jury, resulting in a verdict and judgment for plaintiff in the sum of $1,200, against the Kansas City, Mexico & Orient Railway Company, M. L. Turner, J. O. Davidson, and A. H. Dickerson, receivers of said railway company, and Clinton Street Railway Company, to reverse which judgment the plaintiffs in error prosecute this appeal.

We have not been favored with a brief by the defendants in error in this case, and we deem it necessary to consider only one assignment of error presented by the brief of plaintiffs in error, which is that the court erred in submitting to the jury the question of the negligence of the defendant railway company and its receivers. Plaintiff, in his amended petition, upon which the case was tried, alleged:

"That the negligence of the said defendant, the receivers of said railway company, consisted in said receivers and their agents, and particularly defendant Maggie Lee, moving said freight train at a high rate of speed in a congested portion of said city and at a public crossing, and particularly in moving said train at a rate of speed in violation of the provisions of said ordinance and in failing to keep a lookout for people in said street and for the street cars of said street car company at said crossing; that had said agents of said receivers kept a proper lookout, and had they run said train at a reasonable rate of speed, they would have discovered the danger, and could easily have stopped said train in time to prevent the injury herein complained of. That plaintiff cannot give the name of the fireman in charge of said train. That the motorman in charge of said street car and one W. Crawford, who was also upon said street car, signaled the engineer in charge of said freight train when the engine was at a point about 150 feet south of the street car track, and had said engineer been observing the crossing as he should have done, he could easily have stopped said train in time to prevent the collision complained of * * *"

At the conclusion of plaintiff's evidence the court sustained the demurrer of the defendant Dell West, motorman of the street railway company, to the evidence, and at the conclusion of the trial the court directed the jury to return a verdict for the defendant Maggie Lee, the engineer in charge of the locomotive of the defendant railway company, and submitted the case to the jury as to the negligence of the defendants, the railway company and its receivers, and the Clinton Street Railway Company. This action of the court is attacked by the plaintiffs in error. It will be observed from the excerpt from the amended petition of plaintiff that the negligence charged against the defendant railway company consisted in the alleged facts that its engineer operated its locomotive at a high rate of speed, in violation of an ordinance of the city of Clinton, and that he failed to keep proper lookout when approaching the crossing at which the accident occurred, and that had he kept a proper lookout and been moving his locomotive at a legal rate of speed, he could have stopped his locomotive after observing the peril of the plaintiff, and thus have prevented the injury. It clearly appears from the petition that the negligence charged against the defendant railway company consisted of the acts and omissions of its engineer, and evidence at the trial was upon that issue so far as the railway company was concerned.

The court having concluded, as a matter of law, that the engineer was guilty of no negligence, and not liable, it therefore follows that the defendant railway company was guilty of no negligence and was not liable. The defendant railway company, if liable at all, was liable upon the principle respondeat superior. In Chicago, R. I. & P. Ry. Co. v. Austin, 43 Okla. 698, 144 Pac. 1069, this court holds that:

"It is error to render judgment against the railway company upon the verdict of the jury, which found in favor of the plaintiff as against the railway company and in favor of one of the employees; separate demurrers to the evidence having been sustained as to the others."

In St. L. & S. F. R. Co. v. Williams, 55 Okla. 682, 155 Pac. 249, this court holds:

"In an action for damages for personal injuries, where a railroad company and one of its employees who were charged with the commission of the acts of negligence which caused the injury were joined as parties defendant, and where from the negligence pleaded and the proof made the railway company, if liable at all, is liable upon the principle of respondeat superior, it is error to render judgment against the railroad company upon the verdict of the jury which found in favor of the plaintiff as against the railway company and in favor of * * * the employees."

It therefore follows that the court, having directed a verdict in favor of the employee of the defendant railway company, erred in submitting to the jury the question of negligence of the defendant railway company. The judgment of the trial court should be reversed, and the cause remanded.

By the Court: It is so ordered.