## SORTER v. NEWTON STATE BANK & TRUST CO.

No. 19759. Opinion Filed Dec. 2, 1930.

Rehearing Denied Jan. 20, 1931.

Dickson & Dickson, for plaintiff in error.

Rizley, Loofbourrow & Sweet and Miles & Miles, for defendant in error.

LESTER, V. C. J. The parties appear in the same order as in the district court. The plaintiff brought suit to set aside a sheriff's deed, which deed was executed by the sheriff after a sale of certain real estate under a judgment and order of the district court.

The plaintiff in her petition alleged that no valid judgment had ever been entered authorizing the sale of plaintiff's interest in said real estate.

A demurrer was sustained to plaintiff's petition. Plaintiff elected to rely upon her original petition. Judgment was then entered in favor of the defendant, and from this judgment the plaintiff appeals.

The plaintiff in her petition filed in district court alleged that the court clerk's entry of the minutes in the journal entry shows judgment rendered against Elijah D. Sorter and Elizabeth Sorter as per journal entry and that the court clerk's entry on said judgment docket shows judgment against Elijah D. Sorter and Elizabeth Sorter as per journal entry; that final judgment as shown by the journal of the court shows that judgment was rendered against Elijah D. Sorter and Lennie Sorter.

The plaintiff, Lennie Sorter, does not make any complaint against the incompleteness or error in the final journal entry.

The principal complaint is lodged against the minutes as shown by the court clerk's journal wherein the court entered therein judgment against Elizabeth Sorter as one of the parties defendants, whereas the final judgment was entered against the plaintiff herein, Lennie Sorter. Plaintiff alleges and contends that this constitutes a fatal variance between the memorandum of the minutes of the clerk as contained in clerk's journal and the final journal entry of the judgment.

In C. J. 33, section, 132, it is said:

"Where, upon an inspection of the whole record. the identity of the parties named in the judgment and the pleading is clear, the apparent variance will be held to be a clerical misprision and immaterial, or at least amendable."

In the case of Halsell v. McMurphy, 86 Tex. 100, it is held:

"In the judgment entry in a suit against James L. Thompkins and Gilbert L. McMurphy, partners, the name of Gabriel ap-

peared instead of Gilbert. Held, that as from the entire record it clearly appeared that the name Gabriel was a clerical error, such error did not affect a sale under execution against the real defendants."

Judgment is affirmed.

HUNT, RILEY, CLARK, HEFNER, CULLISON, SWINDALL, and ANDREWS, JJ., concur. MASON, C. J., absent.