## MID-CENTRAL FISH CO. v. GENTRY POULTRY & EGG CO.

No. 30108.   Oct. 21, 1941.

*118 P. 2d 225.*

Ames, Cochran, Monnet, Hayes & Ames, of Oklahoma City, for plaintiff in error.

Jack Tellegen and James C. Cheek, both of Oklahoma City, for defendant in error.

OSBORN, J.   This action was instituted in the court of common pleas of Oklahoma county by Gentry Poultry & Egg Company, hereinafter referred to as plaintiff, against Mid-Central Fish Company and James Harrison, hereinafter referred to as defendants, wherein plaintiff sought recovery of damages to its truck resulting from a collision between said truck and a truck of defendant company upon a bridge across the South Canadian river on U. S. Highway No. 81. Defendant filed a counterclaim in which it alleged negligence on the part of plaintiff and damage to its truck. The cause was tried to a jury. A verdict was returned in favor of the plaintiff as against defendant Mid-Central Fish Company, but defendant James Harrison was exonerated by the verdict of the jury in that there was no finding of liability against him. The jury determined that defendant take nothing under its cross-petition. Defendant Mid-Central Fish Company moved for judgment notwithstanding the verdict on the ground that, since its liability was predicated wholly upon the principle of respondeat superior, the exoneration of Harrison, the servant, necessarily resulted in the exoneration of the master. The plaintiff countered with a motion to amend its petition to conform to the evidence, which amendment was permitted. The motion for judgment notwithstanding the verdict was overruled, judgment was entered in favor of plaintiff in the amount of the jury verdict, and the defendant has appealed to this court.

The evidence with regard to the cause of the collision of the two trucks upon the bridge was conflicting and presented an issue of fact for the determination of the jury. It appears that at the time of the collision the truck of defendant company was being driven by defendant James Harrison, who was the helper or assistant of one Ernest Coy, the regular driver of the truck, who was riding in the seat with Harrison at the time of the collision.

It is conceded by the parties that if a master's liability is predicated solely on a servant's negligence, a judgment against the master on a verdict finding against the master and in favor of the servant cannot stand. In this connection see Shell Petroleum Corp. v. Wilson, 178 Okla. 355, 65 P. 2d 173; Consolidated Gas Utilities Co. v. Beatie, 167 Okla. 71, 27 P. 2d 813.

As heretofore stated, after the verdict was returned the court permitted an amendment to the petition, which amendment is as follows:

"That at all times herein complained of, one Ernest Coy, the regular driver and authorized agent in charge of the operation of the defendant Mid-Central Fish Company's truck was personally in charge of and in command of said truck. That at the time of said accident complained of the said Ernest Coy, while in command and acting within the scope of his employment, ordered and directed the defendant James Harrison, an assistant helper upon said truck, to drive the same and the said Harrison while acting under the orders and the personal supervision and in the presence of the said Coy, did drive the said truck as in the petition set forth. That being in charge of said truck and being personally present and directing its operation, it was the duty of said Ernest Coy to see that said truck was operated in such a lawful manner and way as to protect the legal right of other persons and their property upon the highways.

"The plaintiff further shows to the court that thereafter the defendant, Mid-Central Fish Company, ratified all of the acts of its agent and supervisor in charge of its truck, Ernest Coy, in its cross-petition filed herein and by the voluntary evidence introduced in its behalf to substantiate its cross-petition at the trial of this case."

Under the provisions of section 251, O. S. 1931, 12 Okla. St. Ann. § 317, the trial court is vested with a wide range of discretion in permitting the amendment of pleadings before or after judgment, in the furtherance of justice, when such amendment does not change substantially the claim or defense thereto. Martin v. McCune, 170 Okla. 196, 39 P. 2d 978. It is equally well settled that permitting an amendment to plaintiff's petition after the evidence is in which substantially changes the claim or the defense thereto is reversible error. Avery v. Jayhawker Gasoline Co., 101 Okla. 286, 225 P. 544; Jones v. Exchange National Bank, 124 Okla. 5, 253 P. 49; Combs v. Gough, 147 Okla. 40, 294 P. 165. The result of permitting the amendment was to deny defendant the right to a trial by jury of the single issue upon which its liability was ultimately predicated, that is, the negligence of the servant, Ernest Coy. Under the pleadings, the theory upon which the case was tried was that defendant was liable by reason of the negligence of Harrison, whereas the judgment in the instant case is predicated upon an entirely different set of facts, that is, that defendant was liable by reason of the negligence of its servant, Ernest Coy. The permission of such amendment of the pleadings after the verdict was returned substantially changed the claim of plaintiff and the defense thereto by defendant.

While the court, in furtherance of justice, may permit an amendment of the pleadings after verdict, where such amendment substantially changes plaintiff's claim or defendant's defense, it is error to render judgment on the verdict, but in such event the court should grant a new trial to permit the opposing party to meet the new issue.

The judgment is reversed and the cause remanded, with directions to grant a new trial.

WELCH, C. J., CORN, V. C. J., and BAYLESS, GIBSON, and DAVISON, JJ., concur. RILEY, HURST, and ARNOLD, JJ., dissent.

---

ARNOLD, J. (dissenting). A petition was filed in this case alleging a cause of action in behalf of the plaintiff company and against Mid-Central Fish Company and one Harrison, driver of its truck. The petition alleged the agency of Harrison and that he was acting within the scope of his authority. The action is for damages to plaintiff's truck by reason of two alleged acts of negligence: (1) That defendant's driver was driving at an excessive rate of speed; and (2) that he was driving on the wrong side of the road.

The answer sets up (1) a general denial, except that it admitted the agency of Harrison; (2) contributory negligence, and (3) a cross-petition alleging negligence of the plaintiff by reason of the fact that its driver and agent was driving on the wrong side of the road.

The reply sets up (1) a general denial, and (2) contributory negligence.

The final verdict brought in by the jury, and signed by five members thereof, found the issues in favor of the plaintiff and against the defendant Mid-Central Fish Company, and fixed the amount thereof at $545; and it further found against the "defendants" on the cross-petition.

Thereafter, and before the motion for new trial, which was duly filed, was passed upon, the plaintiff filed a motion to amend the petition to conform to the proof. It moved to allege in its petition that Ernest Coy, the regular driver of the defendant's truck, was on the trip, and "acting within the scope of his employment, ordered and directed the defendant James Harrison, assistant helper upon said truck, to drive the same" in the manner that it was driven, and that said Harrison drove as directed and as alleged. If Coy, another agent, directed Harrison and Harrison followed his directions, you would have a showing of an additional agency. This amendment was allowed by the court over the objection of the defendant Mid-Central Fish Company, and an exception was taken. Note in this connection that the testimony about the regular driver, Coy, was introduced by the defendant company.

The court instructed the jury that if the defendant's driver was negligent and said negligence proximately caused the damage to plaintiff's truck, said defendant Mid-Central Fish Company would be liable to the plaintiff.

This would be true if there were no contributory negligence on the part of the plaintiff. The court in its instructions correctly covered the issue of contributory negligence. It gave no instruction, however, as to the liability of defendant Harrison, the driver of the Mid-Central Fish Company's truck. The plaintiff requested no instruction as to the individual defendant Harrison and took no exception to the instruction given.

In a tort action a plaintiff can proceed against any or all joint tort-feasors, and can also proceed against a principal or responsible superior without proceeding against the agent of said principal or responsible superior. Plaintiff relies upon the verdict rendered by the jury against only the defendant company. Its right to an instruction ·and a verdict against the individual defendant, in the event the jury should find under proper instructions that the individual defendant was liable, was thereby waived. Although it sued the individual defendant Harrison and prayed for judgment against him, it would not be obliged to insist on the submission of the question of his liability to the jury. The agency of the defendant driver is admitted by reason of the fact that his agency was not denied under oath, and the further fact that the defendant company specifically admitted that Harrison was its agent. The acts of an agent within the scope of his employment and authority are the acts of his principal. Under the instruction given, which is a correct statement of law, the defendant company would be liable if the negligent acts of its agent resulted proximately and directly in damages. The converse is also true. Of course, the jury, being plainly instructed to this effect, found the defendant Harrison guilty of negligence and that his negligence proximately produced the damage to plaintiff's truck.

There is evidence in the record by the defendant company that one Coy, the regular driver of defendant company's truck, was on the trip and directed the defendant Harrison as to the driving of the truck. This evidence was introduced by the defendant company for the evident purpose of showing the acts complained of did not happen or that such acts of Harrison did not constitute negligence. If the acts complained of were committed and amounted to negligence, as the jury found, the agency of the defendant Harrison makes those acts the acts of the defendant Mid-Central Fish Company, as a matter of law.

There is no variance in the proof on the part of the plaintiff; the allegations made are entirely harmless and in no wise essential to establish a cause of action as against the Mid-Central Fish Company. It would be liable under ei-

ther state of facts if the acts done constituted negligence. It would be liable under both states of facts to the same extent and for the same identical reasons. The supplement to the petition, allowed by the court to conform to the proof introduced by the defendant company, is wholly immaterial and harmless in this cause of action, for the reason that the testimony on both states of facts went to the jury "without objection," and the jury, no doubt, considered all of the testimony; and also for the further reason that the supplement was neither a departure nor a change of the issues. The cause of action is still one based on the negligence and the agency of Harrison.

The additional allegation of the plaintiff by amendment, with leave of the court, based on the testimony offered by the defendant company regarding the acts and capacity of Coy, was not introduced by the defendant company nor could it have been introduced for the purpose of showing no liability as to the defendant company, Coy being an admitted agent; this testimony did not change the issue as to liability of the defendant company. The only purpose it could serve would be to help the jury in determining whether or not there was negligence on the part of Harrison.

The court in its majority opinion falls into error in holding in the body thereof that "A verdict was returned in favor of plaintiff as against defendant Mid-Central Fish Company, but defendant James Harrison was exonerated by the verdict of the jury in that there was no finding of liability against him." This conclusion by the court that the jury exonerated Harrison, the driver of defendant company's truck, is incorrect for the reason that the court did not submit the question of the liability of Harrison. The jury had no authority under the instructions to return a verdict for or against him. It returned no verdict as to him, but by its verdict against the defendant company found him negligent. Under the instructions of the court the conclusion that the jury found Harrison negligent is inescapable; such finding is inherent in the verdict. The cases cited in the majority opinion, therefore, to the effect that where the cause of action is based on the principle of respondeat superior there can be no recovery against the superior or principal if the agent is exonerated, are not in point herein for the reason that herein there was no exoneration; on the contrary, however, there was a necessary finding by the jury under the court's instruction that the agent driver of defendant company's truck was negligent. This is all that is necessary to establish the liability of the principal or employer.

In connection with the various propositions herein discussed, see Garrett Construction Co. v. Aldridge, 73 F. 2d 814.