TULSA CITY LINES, Inc., v. JOHNSTON.

No. 33707. Jan. 16, 1951.

*226 P. 2d 937.*

Pierce, Rucker, Mock, Tabor & Duncan and Joe Francis, Tulsa, for plaintiff in error.

Gilmer, Weaver & Kennon and Hughey Baker, Tulsa, for defendant in error.

O'NEAL, J. This is an appeal from a judgment in favor of defendant in error, plaintiff below, against plaintiff in error, in an action to recover damages for personal injuries against plaintiff in error and C. Onas Briggs.

The cause was tried to a jury which returned a verdict in favor of plaintiff and against the defendant Tulsa City Lines, Inc., in the sum of $15,000. The jury did not return a verdict either way as to the defendant C. Onas Briggs, and the trial court entered judgment in favor of defendant C. Onas Briggs.

No appeal has been taken as to defendant Briggs, and the judgment has become final as to said defendant.

Motion for new trial was filed on behalf of defendant Tulsa City Lines, Inc. The trial court apparently required a remittitur by plaintiff in the sum of $3,000 before overruling the motion for a new trial. The plaintiff acceded thereto and in open court filed a remittitur in the sum of $3,000, whereupon the trial court overruled the motion for a new trial, and defendant Tulsa City Lines, Inc., appeals.

There are seven assignments of alleged error presented under four propositions. The first proposition is that the court erred in rendering judgment against the Tulsa City Lines, Inc.

The contention is that because the plaintiff alleged that defendant C. Onas Briggs, the servant, agent and employee of the defendant Tulsa City Lines, Inc., was negligent in failing to ascertain if any passengers were unloading through the rear doors before closing said doors and the jury returned no verdict against the defendant C. Onas Briggs, and the court rendered judgment in favor of C. Onas Briggs, it was error to render judgment against defendant Tulsa City Lines, Inc.

In support of this contention defendant, Tulsa City Lines, Inc., cites Chicago, R. I. & P. Ry. Co. v. Austin, 43 Okla. 698, 144 P. 1069; St. Louis & S. F. R. Co. v. Williams, 55 Okla. 682, 155 P. 249, and Chicago, R. I. & P. Ry. Co. v. Reinhart, 61 Okla. 72, 160 P. 51.

The rule as stated in St. Louis & S. F. R. Co. v. Williams, supra, is:

" 'In an action for damages for personal injuries, where a railway company and several of its employees who were charged with the commission of the acts of negligence which caused the injury were joined as parties defendant, and where from the negligence pleaded and the proof made the railway company, if liable at all, is liable upon the principle of respondeat superior, it is error to render judgment against the railway company upon the verdict of the jury which found in favor of the plaintiff as against the railway company and in favor of one of the employees; separate demurrers to the evidence having been sustained as to the others.' "

Citing Chicago, R. I. & P. Ry. Co. v. Austin, supra. But in the instant case plaintiff, in addition to the charge of negligence as against defendant C. Onas Briggs, the agent and employee of defendant Tulsa City Lines, Inc., alleged negligence as against the defendant corporation itself in that she alleged:

"4. That the defendant, Tulsa City Lines, was guilty of negligence in failing to provide sufficient buses for the transportation of passengers, and, as a result of such failure the bus was so crammed with standing passengers that the driver was unable to see, from his seat, whether or not the passengers had fully passed through the rear doors before closing said doors."

In Chicago, R. I. & P. Ry. Co. v. Pedigo, 123 Okla. 213, 252 P. 1095, it was held:

"A verdict for an employee of the railroad company who is joined with the latter in an action for tort does not relieve the master from liability as vice principal, where the evidence is such that the jury may have concluded that the negligence of another employee, who was not joined in the action, was the proximate cause of the injury."

In this case the evidence was such that the jury may have concluded that the driver of the bus here involved was not C. Onas Briggs, but was some other employee of defendant Tulsa City Lines, Inc., and that it was his negligence which was the proximate cause of the injury, or the jury may have found that the independent or separate negligence of the master itself was the proximate cause of the injury.

In S. H. Kress & Co. v. Maddox, 201 Okla. 190, 203 P. 2d 706, it is held:

"It is not error to refuse to instruct the jury to return a verdict in favor of the master when the jury has returned a verdict in favor of servant, sued jointly, where it appears that other servants of defendant, not parties to the action, performed the alleged negligent acts."

Defendant Tulsa City Lines, Inc., recognizes that case and the rule stated therein, but insists that Chicago, R. I. & P. Ry. Co. v. Pedigo, supra, was not the applicable law at the time the S. H. Kress case was decided, in that the Pedigo case had been overruled by Mid-Central Fish Co. v. Gentry Poul-

try & Egg Co., 189 Okla. 521, 118 P. 2d 225.

In this case plaintiff's cause of action is not based entirely upon the principle of respondeat superior. She alleges in her petition that the defendant Tulsa City Lines, Inc., was guilty of negligence in failing to provide sufficient buses for the transportation of passengers and as a result of such failure the bus was so crowded with standing passengers that the driver was unable to see from his seat whether or not the passengers had fully passed through the rear doors before closing said doors. She further alleges that shortly after 8:30 o'clock in the morning of November 19, 1946, plaintiff boarded a bus at the corner of Seventh and College streets; that said bus was owned and operated by defendant Tulsa City Lines, Inc., and makes regular runs between the University district of Tulsa and Red Fork or Carbondale; that said bus was headed toward the downtown section of Tulsa and was being driven by the defendant C. Onas Briggs, an employee and agent of defendant Tulsa City Lines, Inc., and further:

"That plaintiff was accompanied on said bus by her son, Randolph Franklin Johnston, an infant at the age of twenty five months, and that when the bus was proceeding on Sixth Street and approached Lansing Street, plaintiff signaled for a stop, intending to alight from the bus at the intersection of Sixth Street with Lansing Street; that by this time the bus was jammed and packed with passengers; that the aisle was filled with standees; and that after the bus had stopped and plaintiff, holding her child in her left arm, was in the act of leaving the bus, and was nearly off the bus, the doors of the bus closed and the rubber flanges of said door caught the heel and shank of the shoe on plaintiff's right foot, not enough to retain the shoe, but sufficient to trip plaintiff and cause her to lose her balance, which caused the plaintiff with her child to fall to the pavement, and that the driver of the bus was apparently not aware of the occurrence for he drove the bus away."

13 O. S. 1941 §34 provides:

"A carrier of persons for reward must not overcrowd or overload his vehicle."

13 O. S. 1941 §41 provides:

"A common carrier of persons must provide a sufficient number of vehicles to accommodate all the passengers who can be reasonably expected to require carriage at any one time."

The same title, section 42, provides:

"A common carrier of persons must provide every passenger with a seat. He must not overload his vehicle by receiving and carrying more passengers than its rated capacity allows."

In Lobner v. Metropolitan Street Ry. Co., 79 Kan. 811, 101 P. 463, it is said:

"It is the duty of the railway company to exercise the utmost care for the safety of passengers that the means of conveyance and the circumstances of the case will permit. The company controls the operation of its cars and the number of passengers permitted to ride on each of them. It was the duty of the company to provide a sufficient number of cars to accommodate and properly care for passengers; and to permit its cars to become overcrowded so that a passenger is exposed to a danger which reasonable foresight might have anticipated and avoided its negligence."

Whether the State of Kansas had statutes similar to 13 O. S. 1941 §§ 34, 41 and 42, supra, does not appear. But in Oklahoma, as shown above, it is the statutory duty of a carrier of persons for hire not to overcrowd or overload his vehicle, and to provide a sufficient number of vehicles to accommodate all the passengers who can be reasonably expected to require carriage at any given time and to provide every passenger with a seat, and section 42, supra, specifically provides that the carrier must not overload his vehicle by receiving and carrying more passengers than its rated capacity allows.

There is abundant evidence in the record in this case tending to show a violation of the duties prescribed by

sections 34 and 42, supra. The evidence in this case is that the seating capacity of the bus in which plaintiff was a passenger at the time of her injury was thirty-one. The evidence further shows that every seat was occupied and the aisle of the bus from front to rear was completely full of standing passengers. One witness testified that there was not sufficient standing room for a single additional passenger.

In St. Louis & S. F. R. Co. v. Bell, 134 Okla. 251, 273 P. 243, it is said:

"On appeal it is urged that the trial court erred in overruling defendant's motion for judgment notwithstanding the verdict of the jury. This under the theory that the jury had exonerated the conductor by its verdict in his favor and that the railway company was liable only on the principle of respondeat superior.

"We cannot embrace the theory, because of the fact Bell did not rely wholly upon the negligence of defendant Schwartz, the conductor, but upon the negligence of the 'defendants, their agents, servants and employees' . . . ."

In this case plaintiff did not rely wholly upon the alleged negligence of C. Onas Briggs so as to bring her case within the principle of respondeat superior alone. There was sufficient evidence with respect to this separate allegation of negligence to take the case to the jury on that question. Therefore, it may not be said that the trial court erred as a matter of law in rendering judgment against Tulsa City Lines, Inc., after the jury had exonerated defendant C. Onas Briggs, the employee.

The second proposition is that the court erred in giving the court's instruction No. 10.

The court's instruction No. 10 is as follows:

"Gentlemen of the jury, you are instructed that under the evidence and the instructions of the Court in this case, if your verdict is in favor of the plaintiff and against the defendant Tulsa City Lines, Inc., a corporation, then you should further consider whether or not your verdict should also be against the defendant C. Onus Briggs, who it is claimed by the plaintiff was the driver of the bus, in which event, if you further find by a preponderance of the evidence that the defendant, C. Onus Briggs, was at said time the driver of the bus in question, then and in such event your verdict should also be against said defendant. However, you are further instructed that the mere fact that you may not be satisfied by a preponderance of the evidence as to who drove the bus in question does not prevent the plaintiff from recovering in this action as against the bus company, regardless of who may have been driving the bus at the time in question, if you find by a preponderance of the evidence, under these instructions, that the defendant bus company was guilty of any of the failures or acts of negligence, concerning which the Court has herein instructed you and such negligence, if any, was the proximate cause of the plaintiff's injuries, if any."

Defendant, Tulsa City Lines, Inc., complains of this instruction "for the reason that it is at variance with the allegations of the petition and is not proper to be given in this case." We do not agree with defendant's contention. Instruction No. 10 is based on paragraph numbered 4 of plaintiff's petition, herein above quoted, and on the evidence in support thereof. What has been said herein under defendant's first proposition is equally applicable to their second proposition. There was no error in giving instruction No. 10.

The third proposition is that the court erred in submitting the question of permanent disability to the jury. However, examination of the record will disclose sufficient evidence to justify the trial court in submitting the question of permanent injury to the jury.

The fourth proposition is that the court erred in failing to grant a new trial on the grounds of newly discovered evidence. The alleged newly discovered evidence is to the effect that the trial of this case was concluded December 8, 1947; that on December

10, 1947, Truman B. Rucker, one of the attorneys for defendant corporation, discovered for the first time that plaintiff had been in Hillcrest Memorial Hospital under the name of Mildred Deal, or Mildred Dial, and that certain X-ray pictures of her were made on December 31, 1945, and January 3, 1946; that though diligent efforts were made to ascertain all facts, defendant did not learn of these X-rays until following the trial; that counsel for defendant has had said X-ray pictures examined by Dr. A. Ray Wiley and Dr. Walter Brown, and that their testimony would be, as shown by their affidavits attached to the motion, that the X-ray pictures taken of plaintiff at Hillcrest Memorial Hospital in December, 1945, and January, 1946, showed substantially the same condition with reference to a separation of the vertebrae as was shown by the X-rays taken later in the office of Dr. White and introduced in evidence in this case.

Plaintiff asserts that defendant did not show diligence in the matter.

It cannot be said that the defendant's counsel did not know at the time of the trial that plaintiff had been in Hillcrest Memorial Hospital in December, 1945, and January, 1946. Defendant's counsel cross-examined plaintiff extensively at the trial concerning the fact that she had been in Hillcrest Memorial Hospital. Much was said at that time as to why she did not go back to that hospital when she was injured from the fall from the bus. Counsel for defendant had full opportunity to learn all about the X-rays which were taken at the Hillcrest Memorial Hospital. Had he inquired concerning the matter at that time, the facts would have been fully developed. We do not think there is a sufficient showing of diligence. There is nothing in the alleged newly discovered evidence to indicate that it would probably change the result, if a new trial be granted.

In fact, we think from the affidavit of Dr. Brown it would tend to contradict his testimony given in the trial.

He testified at the trial in substance that he could not see from the X-rays then before him any indication of a separation of the vertebrae. Now, since examining the X-ray pictures taken in December, 1945, and January, 1946, he says he can see such indication from the former X-rays, and that the same separation there shown appears in the X-ray pictures concerning which he testified at the trial. In other words, he now admits that there was a showing in the X-ray pictures admitted at the trial of a separation of the vertebrae.

There was no error in denying the motion for new trial based on the alleged newly discovered evidence.

Affirmed.

ARNOLD, C.J., LUTTRELL, V.C.J., and CORN, DAVISON, HALLEY, and JOHNSON, JJ., concur. WELCH and GIBSON, JJ., dissent.