L. R. LEVERIDGE, d/b/a Leveridge Motor Company, Plaintiff in Error,

v.

Alec NOTARAS, Defendant in Error.

No. 41566.

Supreme Court of Oklahoma.

Sept. 26, 1967.

Paul L. Washington, Oklahoma City, for plaintiff in error.

Charles E. Malson, Oklahoma City, for defendant in error.

BLACKBIRD, Justice:

This appeal involves an action in which the principal relief sought by defendant in error, a Stillwater resident, hereinafter referred to as "plaintiff", was the recovery of the $1450.00 he paid for a used sports car, or automobile, he purchased from the Leveridge Motor Company of Oklahoma City, on February 16, 1963.

At the time the transaction occurred, a written document entitled "SALES OR-DER AGREEMENT" was signed both by plaintiff, and by one "Rusty" Eidson, as salesman, for said Company. In the print-ed portion of said form agreement was the following recital:

"I agree to pay the balance of the pur-chase price upon delivery of car or to give such security for payment as you may require. It is understood that *I have examined said motor car and accept it in its present condition and agree that there are no warranties or representations, ex-pressed or implied, not specified here-in, respecting the goods hereby ordered.*

This order is not binding upon you until accepted and signed by your Retail Man-ager and approved by your Credit De-partment. This order shall not be as-signable except with your written con-sent. Delivery will be accepted and signed by your Retail Manager and ap-proved by your Credit Department. This order shall not be assignable except with your written consent. Delivery will be accepted by me at your place of busi-ness.

*"It is agreed that no change, alteration, interlineation, or verbal agreement of any kind shall be effective to change alter or amend the printed terms of this agree-ment."* (Emphasis added).

On the blank portion of the printed form, the salesman, Mr. Eidson, wrote the follow-ing, among other things, in his own hand-writing:

"30 day warranty
    Repair clutch as needed
    not to*o* exceed $100.00
    date no later th*en* Sat.
    Feb. 24, 1963.

           * * *           ."

A week after purchasing the car, plain-tiff returned with it and had the Company make some minor repairs and replacements on it. A little more than two weeks there-after, or on March 9, 1963, plaintiff again returned with it and had the Company do other work, evidenced by a work order whose items totaled $70.50. To pay this sum, plaintiff delivered his personal check on a Stillwater bank, made payable in the amount of $70.50, to "Leveridge Motor"; but thereafter he stopped payment on said check.

A few days later, plaintiff drove the car on a trip from Stillwater to Tulsa, and while in Tulsa, took it to an establishment referred to as "Gobels Imported Cars", and had it inspected there. Upon completion of the inspection, plaintiff unsuccessfully attempted, by long distance telephone from Tulsa, to prevail upon Leveridge Motor Company to go there and get the car, and returned to his home in Stillwater by bus. Later, however, on about March 18th and 19th, 1963, upon his promise to pay said Mo-tor Company for bringing the car from Tulsa to Oklahoma City, Leveridge Motor Company did this.

Thereafter, in July, 1963, plaintiff com-menced the present action. The only de-fendant named in the body, or caption, of plaintiff's petition, and served with sum-mons, was: "L. R. Leveridge d/b/a Lev-

eridge Motor Company"; but attached to the petition was a thermofax copy of the hereinbefore mentioned sales order agreement referring to the auto's vendor only as "Leveridge Motor Company." Thereafter, Attorney W, who appears in this appeal as attorney for the plaintiff in error, filed a special appearance and motion to quash summons on behalf of said defendant, as his attorney. After this motion was overruled, without being argued, the same attorney, on said defendant's behalf, filed a general demurrer to plaintiff's petion. After this was overruled, Attorney W filed an answer on behalf of the defendant, "L. R. Leveridge d/b/a Leveridge Motor Company", which, after setting forth a general denial, was in words and figures as follows:

"* * *

"For further answer the defendant admits that *they* sold the plaintiff an automobile under a written agreement, a copy of which is attached to plaintiff's petition. The defendant further answering admits that *they* repaired the clutch as needed under the written contract at a cost of $70.50 and that the plaintiff issued his check dated March 9, 1963 to pay said repair; that the plaintiff stopped payment on said check and that said repair bill in the sum of $70.50 is due and owing to this defendant at this time.

"WHEREFORE, defendant having fully answered prays that the plaintiff take nothing by reason of the petition filed herein and that the said defendant have judgment against said plaintiff for the sum of $70.50 and for cost of this action including a reasonable attorney's fee." (Emphasis added.)

Before the trial, the trial judge signed and filed a "Pre-trial Conference Order", also signed by the attorneys for both parties, in which it was stipulated that ."The parties (to the action) are necessary and properly identified."

At the beginning of the trial, a jury was waived, and, during the trial, it was revealed in the testimony of S. B. Leveridge, a defense witness, that Leveridge Motor Company is a partnership, composed of the witness and his son, L. R. Leveridge, as co-partners, but that the witness is the "major, principal owner."

At the close of the trial, without the name of the original defendant in the case ever having been changed, or S. B. Leveridge, or any partnership, ever being formally made a party to the action, the court rendered a general judgment for the plaintiff, which appears to have deducted from the sum due him, the amount of the counterclaim asserted in the answer hereinbefore quoted. The party and partnership, against which the judgment was entered is reflected in the words of the "Journal Entry" thereof as follows:

"* * * the court * * * finds that the plaintiff herein should have judgment against L. R. Leveridine and S. B. Leveridge, a partnership only for the sum of $1369.50 and for the cost of this action.

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the court that the plaintiff herein, Alec Notaras have judgment against the defendants, L. R. Leveridge and S. B. Leveridge, a partnership against the partnership only, for the sum of $1369.50 and the cost of this action taxed at $14.95."

Thereafter, there was filed a motion for new trial on behalf of the "defendant". One ground for said motion, alleged in its paragraph "5", was as follows:

"5. Error of the Court in not dismissing this case for the reason that this defendant was sued as an individual doing business as Leveridge Motor Company when the evidence of this case shows that Leveridge Motor Company is a partnership and under the law one of the partners cannot be sued individually for a partnership debt without joining the other partners."

Thereafter, the Court overruled said motion by an order, setting forth, as the basis thereof, the following findings:

"1. Defendants did not raise question of defect of party by special demurrer or by answer.

"2. Defendants ask for affirmative relief which was granted by the court.

"3. Defendants pretrial stipulated that the parties were proper and necessary (judgment to be entered for plaintiff against L. R. Leveridge and S. B. Leveridge, a partnership, against the partnership only)."

Thereafter the present appeal on original record was lodged in this court by a petition in error setting forth the name of the plaintiff in error, as it appears in the caption of this opinion.

Under the first proposition appellant urges for reversal, it is argued that the petition plaintiff filed in the lower court alleged no cause of action against a partnership, and that no partnership was served with summons. It is said that, in a case like this, the plaintiff must sue the defendant, or defendants, in the capacity in which he contracts with him or them, and can only recover accordingly. Our attention is called to the fact that no summons was issued, or served, upon the principal owner and co-partner, S. B. Leveridge, or upon Leveridge Motor Company, a co-partnership; and the case of Southard v. Oil Equipment Corp., Okl., 296 P.2d 780, is cited as authority for appellant's contention that no valid judgment can be obtained against a partnership, unless it is served, or voluntarily submits itself to the jurisdiction of the court.

█ While appellant's arguments have elements of validity, they have no application to the present case. As hereinbefore shown, the indebtedness upon which "L. R. Leveridge d/b/a Leveridge Motor Company," as the "defendant" sought, and was granted, recovery against plaintiff in the lower court, was an indebtedness of plain-

tiff to the establishment in which the so-called "defendant", L. R. Leveridge, instead of being sole owner, holds only a partner's interest. If said establishment, or Motor Company, is to be regarded as entitled to retain the benefit of such recovery on the claim it entered in the case, through the vehicle, or agency, of L. R. Leveridge's answer, (and it has never disavowed, or rejected, this benefit) then said Motor Company must, by seeking affirmative relief on said claim, through said answer (and cross-petition, in effect) be regarded as having thereby entered its general appearance and voluntarily subjected itself to, and invoked the jurisdiction of, the court to enter a judgment against it, as well as for it, to the extent of that claim. Therefore, even if the record made in the lower court were considered as furnishing a proper predicate for a challenge to said court's jurisdiction over Leveridge Motor Company, as a co-partnership, (disregarding our decision in Muzny v. Holland, 193 Okl. 695, 146 P.2d 292, and the fact that the lower court's record, as reflected here, reveals no exceptions taken, or allowed, either to said court's order overruling the hereinbefore mentioned motion to quash, or its order overruling the demurrer to plaintiff's petition) we think that by causing, or authorizing, the answer of the defendant in this case to include a prayer for recovery against the plaintiff on its counterclaim of $70.50, any objections, theretofore asserted to the court's jurisdiction, were thereby waived. This conclusion is in accord with the second paragraph of the syllabus in the Southard case, supra, and with Osborn v. White Eagle Oil Company, Okl., 355 P.2d 1041, 1045, 1046, in which this court said:

"* * * It is only when defendant makes a demand for relief for which he might maintain an action independent of plaintiff's claim and on which he might proceed to recovery even though plaintiff abandoned his cause of action or fails to establish it that a defendant has demanded affirmative relief which would invoke

the jurisdiction of the court and waive the special appearance. (Citing authorities)."

To us it is clear that the claim of Leveridge Motor Company for $70.50 on the basis of which recovery against plaintiff was sought, and obtained, through the so-called "answer" filed in this case, was "a demand for relief for which" said motor company might have maintained "an action independent of plaintiff's claim and on which" it might have proceeded against plaintiff to recover, "even though plaintiff abandoned his cause of action or failed to establish it * * *", within the meaning of the above quoted language of the Osborn case. Therefore, no valid complaint can now be made against the trial court's exercise of jurisdiction over the person, or business entity, of Leveridge Motor Company, a co-partnership.

■ As the evidence unequivocally showed that Leveridge Motor Company was a co-partnership, and that it was the real, and principal, party defeendant, we will regard plaintiff's pleadings as having been amended to conform to such proof (Love v. Kirkbride Drilling Oil Co., 37 Okl. 804, 129 P. 858, 861). As to operation of this appellate rule on variances, generally, see the discussion in Liberty Plan Co. v. Francis T. Smith Lumber Co., Okl., 360 P.2d 500, 503, and, in the instance of the journal entry of judgment, as in the instance of a verdict (St. Louis & S. F. R. Co. v. Williams, 55 Okl. 682, 155 P. 249, 250) we will look to its body, rather than its caption. In this connection, notice Sorter v. Newton State Bank & Trust Co., 147 Okl. 135, 295 P. 209. This is consistent with the rules we have applied to pleadings. In this connection, notice the cases cited in Bridal v. Cottonwood Creek Conservancy Dist. No. 11, Okl., 405 P.2d 17, 29, cert. den. 382 U.S. 943, 86 S.Ct. 400, 15 L.Ed.2d 352.

If anyone was liable to plaintiff for breach of any express, or implied, covenant of warranty constituting a part of its contract for the sale of the subject auto, it was the Leveridge Motor Company; and any obligation arising out of that contract was a joint one of both co-partners in said Company. That being true, the trial court's rendering of judgment against the co-partnership was the correct way to establish that liability of record. This determination is in conformity not only with the statute (see Tit. 12 O.S.1961, § 178, and Sayre Commission Co. v. Keen, 26 Okl. 794, 110 P. 775) but with equitable doctrines. In the latter connection, see the discussion in Greco v. Foster, Okl., 268 P.2d 215, 219, 220, and Gaines v. Gaines, 194 Okl. 343, 151 P.2d 393; also Harlan v. Harlan, 70 Cal. App.2d 657, 161 P.2d 490, 493, and Spence v. State Nat. Bank (Tex.Com.App.) 5 S.W. 2d 754.

■ As worded, appellant's "PROPOSITION II" pertains only to the proper measure of damages in an action of this kind, but, in his argument under it, counsel for appellant makes complaints, and advances contentions, which refer to a variety of subjects. The substance of one of these contentions is that the trial court erred in allowing plaintiff, over appellant's objection, "to attempt to vary" a part of the hereinbefore quoted printed portion of the Sales Order Agreement (referred to in the brief by the appellation: "as is" clause) by parol evidence. This refers to plaintiff's testimony to the effect that the hereinbefore quoted words "30 day warranty" (handwritten into the blank part of the printed form of Sales Order Agreement by the salesman, Rusty Eidson, before it was signed) evidenced an oral warranty plaintiff was given on the car for that period. If plaintiff was given a warranty against latent mechanical defects in the car that might appear, or be discovered, within 30 days after its purchase, such a warranty would be in obvious conflict with the idea that plaintiff accepted the car "in its present condition" (on the date of the sale), which appellant takes the position that he did, by placing his signature below the hereinbefore quoted printed portion of the Sales Order Agreement. It is our opinion that admission of this testimony violated none

of the rules against the introduction of parol evidence, because said instrument, or document, was rendered ambiguous, and subject to explanation and clarification through parol evidence, by the obvious conflict in connotation between the handwritten words on it, and its printed portion. Without evidence to explain the meaning of the expression "30 day warranty", revealing what sort of a warranty it referred to, said written memorandum of the parties' agreement was also incomplete; and plaintiff's testimony to the effect that the expression contemplated, or was intended to mean, a thirty-day warranty against mechanical defects in the car that plaintiff did not, or could not, discover upon his initial inspection of it (rather than applying just to the clutch and other repairs and replacements which plaintiff then and thereafter evidenced a willingness to pay for) —as may be reasonably inferred from this testimony—cannot be regarded as inconsistent with the parties' contract, when considered as a whole, or with that handwriting in it. In this connection, see Smith v. Bond, 56 Okl. 112, 155 P. 1116, and other cases digested in 6A Okl.Dig., Evidence, under ▋ and, as to related matters, see Tit. 15 O.S.1961, secs. 167 and 170. For this reason, the provisions of Tit. 12A O.S. 1961, § 2–202, quoted in appellant's brief, do not support his position; and Tit. 15 O.S.1961, § 137 does not apply. The latter can also be said of appellant's quotation from Tit. 12A O.S.1961, § 2–316, which applies, by its specific language, to "implied" (as distinguished from "express") warranties.

▋ It appears to be appellant's view that the fact that plaintiff, on two different occasions, within the thirty-day warranty period after his purchase of the car, engaged Leveridge Motor Company's service department to make, and obligated himself to pay for, repairs and replacements on the car, was unequivocal proof that the car was under no warranty. We do not agree. As above indicated, we think there was competent evidence in this case justifying the trial court in inferring that the express, oral warranty, covered mechanical defects plaintiff might discover within thirty days, that he had not discovered on his inspection the day he purchased the car. A warranty, that general in character, presumably, and as far as the record shows, was broad enough to include the defects in the crank case, which plaintiff testified he discovered, through the hereinbefore mentioned Tulsa inspection, made the car dangerous to drive.

▋ In a jury-waived action of legal cognizance, it is not our prerogative to weigh the evidence and decide in which party's favor the evidence preponderates. In such a case, we must accord the judgment the same conclusiveness on appeal that would accompany it to this court, if it were based upon the verdict of a jury. Accordingly, it is our duty to affirm it, if there is any competent evidence reasonably tending to support it. See Givens v. Western Paving Company, Okl., 261 P.2d 450, and other cases digested in 2A Okl.Dig., Appeal and Error, under ▋ As already indicated, an examination of the record in this case has revealed such evidence.

▋ Appellant's first argument under his "PROPOSITION II" is that there is no proof in the record as to the actual value of the car at the time plaintiff purchased it. In support of this argument, he cites Tit. 12A O.S.1961, § 2–714(2) with reference to the measure of damages for breach of warranty, and calls our attention to the allegation of plaintiff's petition to the effect that the car was worth between $1200 and $1300 at the time and place of the sale—although he paid the "premium" price of $1450.00 for it.

Plaintiff counters with argument to the effect that the cited statute deals with only one of the remedies, that the purchaser of an article has, in case of a breach of its warranty, and that it does not apply to this action for such breach, because here plaintiff sought the alternative remedy of rescinding the contract and suing for the return of the article's purchase price, which

Kirk v. Leeman, 163 Okl. 236, 22 P.2d 382 shows he may do, and which, the record in this case shows, he did. There can be no question on the basis of the "Pre-Trial Conference Order" filed in this case, and the colloquy between counsel and the Judge at the beginning of the trial, that plaintiff was seeking recovery of the car's purchase price *on the theory that he had rescinded the contract of sale, by causing the car to be returned to Leveridge Motor Company.* In view of this fact, and the absence of any contention that the evidence—assuming that it was sufficient to establish breach of contract—was insufficient to support that kind of a remedy, or recovery, we find no merit in appellant's arguments.

As we have found no cause for reversal in any of the arguments advanced by appellant, the judgment of the trial court is hereby affirmed.

JACKSON, C. J., IRWIN, V. C. J., and BERRY, HODGES, LAVENDER and McINERNEY, JJ., concur.